## SNIDER v. MARTIN.

Decided November 21, 1891.

*Homestead—Waiver—Sale under execution.*

Under the act of March 18, 1887, which provides that a debtor's right of homestead shall not be lost in certain cases by his failure to claim it as exempt before sale on execution nor by his failure to file a schedule of it, the debtor's right is still a privilege which may be waived. In an action against an execution purchaser of the debtor's homestead it is not a defense that the debtor resided upon the homestead. The purchaser acquired a defeasible title which, at least until the purchase has been defeated by an assertion of the debtor's right, constitutes a valuable consideration.

APPEAL from *Nevada* Circuit Court.

CHARLES E. MITCHEL, Judge.

Snider & Holmes sued Nat Martin, and alleged that, on the 26th day of September, 1888, the sheriff of Nevada county, by virtue of an execution issued in their favor against E. E. White, offered for sale, according to law, all the interest of said White in certain lots in Prescott; that Martin became the purchaser thereof for the sum of three hundred dollars, and executed his bond or note for such sum; that the note was due and unpaid; wherefore they prayed judgment for the amount due. Martin answered that the land was the homestead of White, the defendant in execution; that White's interest was not subject to sale; and that the note executed by him was without consideration. A jury trial was waived and the cause submitted to the court.

E. E. White testified: That he was the defendant in the execution under which the lots in controversy were sold; that they were sold on the 22d day of September, 1888; that, during the entire year of 1888, he was in the employ of the government of the United States as an Indian inspector; that, about July 19, 1888, he sent his family to Eureka Springs, where they remained until April, 1889; that he had left some household plunder in the house, but it was rented

to and occupied by a tenant during his absence; that he owned other lands than this sold under execution, but considered this his homestead; that no schedule of the lots was filed, nor any claim of homestead rights made, prior to the sale, nor any notice thereof given at the sale.

The court's conclusions of facts were as follows: That the note sued on was executed by defendant for the purchase money for certain lots which were bid off by him at an execution sale made to satisfy a judgment recovered by plaintiffs against one E. E. White; that said lots did not exceed one acre, and with improvements were not worth exceeding one thousand dollars; and that White had been and was claiming and occupying the land as his homestead. The court declared the law to be that the sale of a homestead under execution is void; that the party owning the homestead so sold is not required to give notice that he claims it as such; that such sale does not pass to the purchaser the title of the person owning the homestead; and that a note given therefor is without consideration. From a judgment in favor of the defendant plaintiffs have appealed.

*Atkinson, Tompkins & Greeson* for appellants.

1. Prior to the passage of the act of 1887 (Acts 1887, p. 90), the debtor was required to assert his claim in the statutory manner before sale, or his homestead was lost. 28 Ark., 285; 40 *id.,* 352; 47 *id.,* 400. This case comes squarely within the proviso of the second section of the act. 53 Ark., 184. White never claimed his homestead, nor resided upon it; therefore he is still required to claim his homestead. He waived his right.

2. The rule *caveat emptor* applies to execution sales of real estate. 10 Ark., 211; 25 Ala., 625; Freeman on Ex., sec. 301; 70 Am. Dec., 572.

3. Appellee cannot claim the homestead for the execution debtor. That is a personal privilege.

4. Residence depends on the facts of each case. 43 Ark., 547. The act of 1887 provides that if the debtor

*does not reside* on his homestead, he shall select the same before the sale.

*C. C. Hamby* for appellee.

1. A temporary absence does not work a forfeiture of the homestead. 41 Ark., 309; 19 Wend., 11; 54 Miss., 308; 18 Ark., 236; 43 Ark., 547; 50 *id.*, 266, 283; 74 Me., 239–64.

2. The authorities draw a distinction between a sale void for any irregularity or defect of title, and one where the sale absolutely conveyed nothing. When the officer sells 'all the interest the party has, the doctrine of *caveat emptor* applies, but when the officer does not sell such interest, and under the law could not do so, the sale is void, and any note or bond given in pursuance of such sale is void for want of consideration. 6 S. & M., p. 259; 6 How. (Miss.), 230; 4 Sneed, 623; 1 Met. (Ky.), 281; 18 B. Mon., 387; 34 Miss., 304; 44 Miss., 533. If the judgment or sale is void, or from any cause the conveyance does not carry the title, then the bid or promise to pay is without consideration, and cannot be enforced. 7 Ill., 55; 65 Barb., 107; 61 Ala., 472; 56 Tex., 282; 5 Sneed, 488; 24 Ill., 281; 71 N. Y., 345; 51 Ala., 224; 90 N. Y., 243.

HEMINGWAY, J. Under the constitution of 1868 it was held that the right of a debtor to hold a homestead exempt from sale under execution was a personal privilege which the debtor might waive, and that he would be held to have waived it by failure to claim it, in the manner provided by law, before sale under execution. *Norris* v. *Kidd*, 28 Ark., 485. It has been held that the same rule obtained under the constitution of 1874. *Chambers* v. *Perry*, 47 Ark., 400.

The act of March 18, 1887, does not enlarge, or in any manner change, the character of the right; but, leaving the right as it had previously existed, this act provides that the right shall not be lost or forfeited by the debtor's omission to select and claim his homestead before sale under execution, nor by his failure to file a description or schedule of

the same in the office of the recorder; and, by the terms of a proviso, cases coming within its provisions are left subject to prior laws in all respects. The extent of the change thus made is that a debtor shall not be considered to have waived his right to exemptions, in cases not within the proviso, by his failure to select and claim them before sale. It does not provide that the right shall not be a privilege, or that it may not be waived by the debtor; to this extent the rule as formerly announced is maintained.

If this case comes within the proviso, the sale under execution carried the defendant's title, he having omitted to select and claim it before sale, and the purchaser would be bound upon his note for the purchase money. But it is insisted that this case comes within the rule, and not within the exception, and that the debtor was not prejudiced by omitting to select and claim his homestead before sale; that, the homestead being exempt from sale, nothing passed to the purchaser; and that the note for the purchase money was therefore without consideration and void.

If the premises are true, the conclusion is correct; and the question is, are they true? 2 Freeman Ex., sec. 313*h*.

Is it a fact that if the homestead right was not forfeited by sale under execution, nothing passed by the sale? We think not. Before the act of 1887, the right was a privilege, and it is still a privilege; it could then be waived, and it may yet be waived. As against all the world except the debtor and his wife, the sale is valid, and it is valid against them unless they or one of them elect to defeat it. If they neglect or refrain from asserting such right, the debtor's title vests in the purchaser. It cannot be said, therefore, that nothing passes; it is more nearly correct to say that the purchaser takes a defeasible estate, and it is sufficient to constitute a valuable consideration. Whether the debtor will claim his exemption in this case is uncertain. He may choose to have his estate applied to the payment of his debts, rather than enjoy the benefit of his exemptions; if he should do so, the purchaser would acquire all that he expected, and should be

required to pay his bid. Until the purchase has been defeated by an assertion of homestead rights, it is too early to consider the relief to which the purchaser may then be entitled, or whether he will be entitled to any.

For the reason above indicated, the finding was contrary to the evidence, and judgment must be reversed and the cause remanded.