HOLLIS *v.* STATE.

Opinion delivered June 2, 1894.

1. *Homestead—Right of wife to claim.*
   A wife is entitled to claim the homestead of her husband where she continues to occupy it with her children after the husband has become a fugitive from justice.

2. *Homestead—Liability for costs.*
   A homestead is exempt from the lien of the State for costs in a criminal prosecution.

Appeal from Marion Circuit Court.

BRICE B. HUDGINS, Judge.

*Crump & Watkins* for appellant.

1. The judgment and executions in this case fall within none of the exceptions in sec. 3, art. 9, const.

2. Under the constitution, no judgment is a lien on the homestead. Art. 9, sec. 3.

3. Homestead laws are for the protection of the family. 42 Ark. 541; 41 *id.* 96; 24 *id.* 158; 22 *id.* 404. If the husband fails, neglects or refuses to claim, or absconds, the wife is entitled to the exemption. 29 Ill. 130; S. C. 81 Am. Dec. 301 and notes; Thomps. on Homest. & Ex. sec. 277; 11 Gray, 214; Freeman on Ex. (2d ed.) sec. 248, p. 758; Acts 1887, p. 90, sec. 2. Temporary abandonment by the husband does not forfeit the the right. Freeman on Ex. (2d ed.) sec. 223, p. 680.

*James P. Clarke*, Attorney General, for appellee.

The following authorities are conclusive. Const. Ark. art. 9, sec. 3; 36 Ark. 155; 33 *id.* 688; 12 Bush, 283; 62 Ill. 11; 106 U. S. 272; Smyth on H. & Ex. sec. 185; Thompson, H. & Ex. sec. 385.

RIDDICK, J. The facts in this case are as follows: Appellant, R. J. Hollis, a married man, the head of a family, and the owner of a homestead, was convicted of murder in the second degree in the Marion circuit court, and a judgment rendered against him for imprisonment and the costs of prosecution. After his conviction, he broke jail and escaped. An execution on said judgment for costs, amounting to about eight hundred dollars, was issued against him. He was a fugitive from justice—his whereabouts unknown—but his family continued to remain and occupy the homestead. In the absence of her husband, his wife filed a schedule, claiming the homestead and some personal property as exempt from sale under execution. The clerk of the court issued a supersedeas staying the execution as to the homestead. On motion of the prosecuting attorney this supersedeas was quashed by the court, and the home-

stead ordered sold. From this order an appeal was taken.

The question for this court to determine is whether the homestead is subject to sale under such circumstances. In other words, can the wife claim a homestead for herself and children after her husband has become a fugitive from justice, and, is the homestead exempt from the lien of the State for costs in a criminal prosecution?

In the case of *Harbison* v. *Vaughan*, 42 Ark. 541, this court said that "the protection of the family from dependence and want is the object of all homestead laws;" that, "apart from his family, the debtor is entitled to no special consideration." As the protection of the family is the object of the homestead law, so it has been held that desertion of the family by the husband, still leaving the family occupying the homestead, is not an abandonment of the homestead. *Moore* v. *Dunning*, 81 American Decisions, 301 and cases cited in note to same. This ruling is supported by sound reason; for to refuse the protection of the homestead to the wife and children when the husband has abandoned them would be to deprive them of it at a time they needed it most, and would defeat the beneficent purpose of the homestead law. In this State, under the act of 1887, the wife can claim the homestead as exempt when the husband neglects or refuses to do so.

As to the question whether the homestead is subject to the lien of the State for costs in a criminal prosecution, we think there is little room for doubt. The constitution expressly declares that it shall not be subject to the lien of any judgment or decree of any court or to sale under execution or other process thereon, except such as may be rendered for the purchase money, or for specific liens, laborer's or mechanic's liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for mon-

1. When wife may claim homestead.

2. Homestead not subject to lien for costs.

eys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity." Sec. 3 of art. 9, constitution of 1874.

The lien of the State for costs in a criminal prosecution is not a specific lien, nor does it come within the meaning of either of the other exceptions named. Homestead laws are intended for the protection of the families of those who are poor or unfortunate, and, in cases of this kind, there are no reasons why the State should be exempt from their operation. The supreme court of Illinois, in holding that the homestead could not be sold to satisfy a judgment against the husband for a fine and the costs in a criminal prosecution, said "that the object of these laws was to furnish a shelter for the wife and children which could not be taken away or lost by the act of the husband alone," and "that the State must submit to the same exemptions of a defendant's property that it imposes upon its citizens." *Loomis* v. *Gerson,* 62 Ill. 11.

The Attorney General, with becoming candor, has furnished us with this and other authorities, which conclusively show that a homestead is not subject to sale under an execution to satisfy a judgment for a fine or costs in a criminal prosecution. *State* v. *Williford*, 36 Ark. 155; *Massie* v. *Enyart*, 33 Ark. 688; *Fink* v. *O'Neil*, 106 U. S. 272; *Commonwealth* v. *Lay*, 12 Bush, 283; Smyth on Homesteads and Exemptions, sec. 185; Thompson on Homesteads, sec. 385.

We therefore conclude that the circuit court erred in quashing the supersedeas issued by the clerk, and its judgment is therefore reversed, and the motion to quash dismissed.