GILLIS *v.* GILLIS.

Opinion delivered June 2, 1924.

1. HOMESTEAD—ABANDONMENT.—The question whether one who removes from his homestead has abandoned it is one of intention, which must be determined from the facts and circumstances attending each case.

2. HOMESTEAD—ABANDONMENT.—To avoid abandonment of a homestead by removal therefrom, there must be a constant abiding intention to return from the time of removal.

3. HOMESTEAD—ABANDONMENT.—One who leaves his home and acquires another, where he resides for a considerable time, will be presumed to have abandoned his old home, in the absence of convincing testimony to the contrary.

4. HOMESTEAD—ABANDONMENT.—Evidence *held* to show that one removing from a homestead and purchasing another home, where he resided for ten years and died, did not retain a constant abiding intent to return, and hence abandoned his former homestead.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor; affirmed.

*Kincannon & Kincannon,* for appellant.

The question whether or not the owner of a homestead in removing therefrom abandoned his homestead rights therein is conceded to be one of intent, to be determined by the facts and circumstances attending each case. In this case we think it is shown that J. B. Gillis held to the intention, during all of his absence from his old homestead in search of health, to return to it. 101 Ark. 101; 55 Ark. 55; 141 Ark. 177.

*Little, Buck & Lasley,* for appellees.

Counsel argue to the contrary as to proof of intention, and cite 60 Ark. 262; 137 Ark. 240; 134 Ark. 207.

HUMPHREYS, J. This suit was brought in the chancery court, Chickasawba District, by appellant in her own right and as next friend for her minor son, Alvin Gillis, against appellees for the assignment of homestead and dower rights in the lands of her deceased husband, J. B. Gillis, situated in said district and county.

Appellees, Henry Gillis, Jesse Gillis and Joseph Gillis, stepchildren of appellant, filed a separate answer, admitting the right of appellant to a dower interest in said land, but denying that she and her minor son had a homestead right in any of said lands, and alleging that J. B. Gillis, deceased, abandoned his homestead right in said lands long before his death.

The cause was submitted to the court upon the pleadings and testimony introduced by the respective parties, which resulted in a finding and decree that appellant and her minor child were not entitled to a homestead right in any of said lands, and that appellant was entitled to a dower interest in all of said lands, and appointed commissioners to assign her a one-third interest therein for life.

From the decree denying appellant and her minor child a homestead interest in said lands an appeal has been duly prosecuted to this court.

The facts revealed by the undisputed testimony are as follows: Henry, Jesse, and Joseph Gillis are children of J. B. Gillis, deceased, by his first wife, and Clarence and Alvin his children by appellant, who was his second wife. While living with his first wife, J. B. Gillis became the owner of 120 acres of land in said county, and impressed same as his homestead. After his marriage to appellant they resided on said tract of land for five years, during which time he became ill with chronic malaria. In 1914 he rented his home in said county to one of his sons, and went to Oklahoma on account of ill health. He remained there for six years. He did not regain his health, and moved to Booneville, Arkansas, where he remained for three months. He then bought and removed with his family to a farm near Magazine, where he resided for about ten years, and upon which he died. During the time he lived in Oklahoma and on his farm near Magazine he returned at intervals to Mississippi County for the purpose of renting his old farm place. He depended on the income from this farm for a living, and refused to sell it several times.

There is a conflict in the testimony concerning statements made by him relative to his intention about returning to his old home in Mississippi County.

Some of the witnesses introduced by appellant testified that he stated to them that he intended to return to his old home in Mississippi County at some future time, but a number of them said he qualified his statement by saying he intended to return if his health sufficiently improved to justify him in doing so.

The witnesses introduced by appellees testified, in substance, that he stated to them that he had abandoned any idea of ever returning to his old home in said county.

The question of whether one who removes from his homestead has abandoned same is one of intention, which must be determined from the facts and circumstances

attending each case. In order to avoid an abandonment, where one moves away from his home, there must not only be a present but a constant, abiding intention to return from the time of removal. *Gray* v. *Bank of Hartford,* 137 Ark. 232. One who leaves his home and acquires another, where he resides for a considerable time, will be presumed to have abandoned his old home, in the absence of convincing testimony to the contrary. *Wolf* v. *Hawkins,* 60 Ark. 262.

Our analysis of the testimony in the instant case does not convince us that the court erred in finding that J. B. Gillis abandoned his homestead in Mississippi County. We think that the weight of the evidence reflects that he did not retain a constant, abiding intention to return to his old home. The length of time he remained away, and the fact that he purchased another home and resided thereon for ten years, where he died, strongly corroborates his statements that he had abandoned any intention to ever return, and, when taken all together, outweighs the testimony tending to show an unconditional intention to return. In fact, the larger part of the testimony introduced by appellant tending to show an intention to return was based upon the contingency that he should regain his health. He never entirely recovered his health before he died. Again, the circumstances that he refused to sell the old home place and depend upon the income therefrom for a support may be reconciled as well with an intention not to return as to return.

The decree of the chancellor, being supported by the weight of the evidence, is in all things affirmed.