WALTHALL *v.* WALTHALL.

4-4401

Opinion delivered November 9, 1936.

*Ezra Garner,* for appellant.

*McKay & McKay,* for appellee.

HUMPHREYS, J.   This is a suit in unlawful detainer brought by appellee against appellant in the circuit court of Columbia county to recover possession of the E½ of the NE¼, section 21, and the W½ of the NW¼, section 22, all in township 16 south, range 22 west, in said county.

It was alleged in the complaint that said land was the homestead of appellee's husband, B. F. Walthall, at the time of his death; that during her husband's lifetime, he rented their property to their son, J. W. Walthall, who is the appellant herein, and that after her husband's death, she rented it to her son, who refused to surrender possession to her at the termination of his rental contract although demand was made according to law for same.

Appellant filed an answer denying that said real estate constituted his father's homestead at the time of his death or that after his father's death he rented same from his mother.

The cause was tried to a jury upon the issue joined, which resulted in a verdict and consequent judgment against appellant, from which is this appeal.

The undisputed evidence reflects that the property constituted the homestead of B. F. Walthall in 1920,

upon which he and his family resided from 1888, at which time he rented the property to appellant and moved to Waldo for the purpose of educating his daughter in the high school. He purchased seven lots, upon which there were two houses, in Waldo, rented one, and occupied the other with appellee and their daughter. He left part of his stock on the farm, taking only one mule to town with him. He worked around after he moved to Waldo when his health would permit. He remained in Waldo until 1930, at which time he died. After his death, appellee rented the farm to appellant for the third and fourth. Appellee testified that it was the constant intention of her husband to return to their farm, but that he was prevented from doing so on account of ill health; that her husband refused to sell the farm for the reason that he wanted to go back to it as soon as he could, and that they always called the place in town their temporary home.

Ben Walthall, a son of appellee, testified that his father moved to Waldo from his farm to enable his sister to complete her education and that his intention was to move back; that he did not know when his sister finished her education; that his father had diabetes afterward, and was unable to return to the old place in the country; that he said he wanted to go back to his old home to die.

Will Walthall testified on behalf of appellant that he was a son of appellee and that he talked to his father about the old home place after he removed to Waldo and that his father made no mention of wanting to move back to the farm.

H. J. Shutliff testified on behalf of appellant to the fact that he talked to B. F. Walthall about the time he moved to town and was present when he turned the farm over to appellant, at which time he said he was moving to Waldo to send his daughter to school; that after moving to Waldo, he worked at the Kimbell plant; that at the time he moved and during the conversation referred to, he said nothing about returning to the farm at any time in the future.

Appellant contends for a reversal of the judgment on the ground that the evidence detailed above shows, without dispute, that B. F. Walthall moved away from his farm in 1920 without a fixed and unqualified intention of returning to it at any future time, and that the court should have instructed the jury that this constituted an abandonment of his homestead. Appellant's interpretation of the evidence is not correct. The evidence is in dispute as to whether B. F. Walthall moved away from his farm without any intention of returning to it, or whether his intention was to return to it after sending his daughter through high school and whether he was prevented from returning to it on account of illness.

The court submitted the issue of abandonment of the homestead in the country to the jury under a correct instruction, which he should have done, in view of the dispute in the testimony.

The test of whether one has abandoned his homestead is whether he has had a constant, abiding intent to return from the time of removal. Where the evidence is conflicting as to the intention of the owner, it is a matter for the jury to determine. *Gillis* v. *Gillis*, 164 Ark. 532, 262 S. W. 307.

No error appearing, the judgment is affirmed.