KINNEY *v.* PATTERSON.

5-725                                                    282 S. W. 2d 809

Opinion delivered October 17, 1955.

*Batchelor & Batchelor,* Van Buren, for appellant.

*Mark E. Woolsey,* Ozark, for appellee.

MINOR W. MILLWEE, Associate Justice. This appeal is from a decree enjoining appellants, Earl L. Kinney and wife, from interfering with appellee, Gavin Patterson, in the cutting and removing of certain timber from a 180-acre tract of land which appellants own in Crawford County.

In 1951, Robert Hoffman and his wife, Josie Lee Hoffman, owned the 180-acre farm in question as tenants by the entirety. The Hoffmans were then making their home in Ft. Worth, Texas, having moved from the 180-acre Arkansas farm sometime previously. Appellee was operating a sawmill near the land on March 24, 1951, when Hoffman and his wife came to the sawmill and told appellee they would like to sell him the timber on the 180-acre farm in order to pay a debt they owed. It was then and there orally agreed that the Hoffmans would sell all merchantable timber 6 inches in diameter, or above, on the farm to appellee for $100.00 with no time limit for cutting and removing the timber. That night, appellee and Robert Hoffman went to a notary public in the town of Mulberry and had him draft the following written memorandum which was signed only by Hoffman and appellee: "Party of the first part, sells to party of the second part, all saleable timber from eight (8) inches up, on any part of my farm. No time limit to remove timber." Appellee paid the purchase price of $100.00 and entered into possession of the lands and began cutting the timber.

After sale of the timber to appellee, the Hoffmans listed the 180-acre farm for sale with an agent in Alma, Arkansas, who was advised of the terms of the timber sale to appellee. The agent negotiated a sale of the farm

to appellants, who were agreeable to purchase the farm subject to the timber sale to appellee, provided the timber was cut and removed within 60 days, but they objected to the provision that there was no time limit for removing the timber.

A written agreement of sale of the lands to appellants was entered into between them and the agent of the Hoffmans on February 1, 1952, which contained a provision as follows: "Mr. Patterson, who has bought the marketable timber from Robert Hoffman on this said property of 180 acres, will have 60 days from date of February 1, 1952, to remove said timber which has been bought, and it shall be required of the seller that he notify him of said terms of this contract." Appellee was not a party to the negotiations between appellants and Hoffman's agent and knew nothing about the contract. The Hoffmans conveyed the lands to appellants by warranty deed on February 9, 1952.

Appellee learned of the sale of the property to appellants about April 1, 1952. He continued to cut and remove the timber from said lands at different times until on or about April 17, 1952, when appellant, Earl L. Kinney, closed the fences around the lands and forbade appellee's cutting and removing any more of the timber. Appellee then filed the instant suit resulting in the decree rendered December 10, 1954, which gave appellee 90 days from January 10, 1955, in which to cut and remove the balance of the timber under his contract, or, in the event of an appeal to this court, 90 days from the filing of this court's mandate in the chancery court.

Appellants alleged as a defense in their answer that the contract between appellee and the Hoffmans for sale of the timber was void for the reason that the 180 acres constituted the homestead of Hoffman and his wife, and she did not join her husband in a written conveyance of the timber as required by Ark. Stats., § 50-415. This is also appellants' present contention for reversal. In considering this argument, we will assume, without deciding, that appellants are in position to rely upon any

homestead rights that the Hoffmans had in the lands at the time of the timber sale.

The burden was upon appellants to show that the land was a homestead. *Gibbs* v. *Adams,* 76 Ark. 575, 89 S. W. 1008. Other applicable rules are stated in *Gillis* v. *Gillis,* 164 Ark. 532, 262 S. W. 307, as follows: "The question of whether one who removes from his homestead has abandoned same is one of intention, which must be determined from the facts and circumstances attending each case. In order to avoid an abandonment, where one moves away from his home, there must not only be a present but a constant, abiding intention to return from time of removal. *Gray* v. *Bank of Hartford,* 137 Ark. 232. One who leaves his home and acquires another, where he resides for a reasonable time, will be presumed to have abandoned his old home, in the absence of convincing testimony to the contrary. *Wolf* v. *Hawkins,* 60 Ark. 262."

Under the scant evidence adduced here, the able chancellor would have been fully warranted in finding that the lands in question did not constitute the homestead of the Hoffmans at the time of the timber sale to appellee in March, 1951. They had sometime previously moved to Ft. Worth, Texas, and were merely on a visit with Mrs. Hoffman's mother at the time of the sale. They did not testify and there is no showing of any intention on their part to return to the Arkansas farm which they sold to appellants in February, 1952.

According to the testimony, Mrs. Hoffman was a party to the negotiations for the sale of the timber to appellee and the oral agreement as to the terms of such sale, although she did not sign the written memorandum of the agreement. It is also undisputed that appellee paid the purchase price and was placed in possession of the lands for the purpose of cutting and removing the timber. We have held that a contract for the sale of timber is taken out of the Statute of Frauds [Ark. Stats., § 38-101], even though the contract is oral, where the vendor receives payment of the purchase price and the purchaser enters possession. *Beattie* v. *Smith,* 146 Ark.

532, 226 S. W. 168. When appellee paid the purchase price and entered possession, the transaction was taken out of the Statute of Frauds and a valid sale of the timber was consummated. This conclusion renders it unnecessary to determine whether appellants were estopped from denying the validity of the sale.

Affirmed.