## NORTHWESTERN NATIONAL INSURANCE CO.
### (of Milwaukee, Wisconsin) *v.* Nan B. SULCER
### and The Estate of Clyde SULCER, deceased

79-197                                588 S.W. 2d 442

### Opinion delivered October 29, 1979
### (Division II)

*Rieves, Rieves & Shelton,* by: *Elton A. Rieves, III,* for appellant.

No brief for appellee.

JOHN I. PURTLE, Justice. Northwestern National Insur-

ance Company, as surety for the widow who was the administratrix of her husband's estate, paid a claim on her bond because of misuse of the estate funds. The insurance company, after paying the estate, obtained judgment against the administratrix and sought to execute against her dower rights. We upheld the trial court's decision to permit Northwestern to levy upon her dower rights, but declined to advise on what the results would be so far as the general creditors were concerned. *Sulcer* v. *Northwestern National Ins. Co.,* 263 Ark. 583, 566 S.W. 2d 397 (1978). Subsequently, the trial court assigned dower rights to the widow and granted Northwestern's petition to execute upon the dower rights. However, the trial court held that the execution by petitioner on the dower rights broke the barrier of homestead exemption and the entire interest in the homestead was subject to execution by the other creditors. The house and lot were sold and the proceeds are being held pending this appeal.

On appeal, Northwestern argues the homestead exemption runs only in its favor and does not inure to the benefit of the creditors of decedent's estate. We agree with appellant's contention.

The facts are not in dispute. The widow misused the funds from her husband's estate and the insurance company paid the estate $25,333.33 and obtained a judgment in this amount against the widow. When the surety attempted to execute against the widow's interest, she claimed the homestead exemption. The trial court held the widow's interest was subject to levy by the surety. On appeal we affirmed the trial court. *Sulcer* v. *Northwestern,* supra. Thereafter, the trial court assigned dower to the widow and ordered the entire property sold with the interest above the dower to be applied to the claims of the creditors of the estate. The court reasoned once the homestead barrier was removed in favor of Northwestern, it was removed for all purposes. The house was ordered sold with the proceeds to be distributed to costs, to Northwestern for the dower interest and the balance to estate's general creditors. The court synchronized the probate and chancery powers and held a joint sale. The proceeds ($12,000) of the sale are being held pending this appeal.

We held in the first appeal that the homestead exemption granted in the Arkansas Constitution, Article 9, Section 6, did not preclude Northwestern from levying execution on the widow's dower interest. This same provision specifically excludes from homestead exemption execution for purchase money, laborer's and mechanic's liens, taxes and claims against executors, administrators, guardians and receivers. The foregoing claims are in fact not exempt as homestead. However, general creditors of the estate are not authorized to execute against the estate. As executrix, the widow was not entitled to claim the homestead exemption against Northwestern.

Article 9, Section 6, allows the widow to have her dower interest for life in the home place. Additionally, Ark. Stat. Ann. § 62-2702 (Repl. 1971) exempts the homestead of a widow or minor children from sale by a personal representative for payments of the debts of the decedent. Therefore, there is a double exemption protecting the widow's interest from sale by the general creditors. We fail to see any reason why the general creditors of the estate should be allowed to have the homestead sold simply because one authorized to claim against the homestead has done so. They are not authorized to levy execution because they are prohibited by the Constitution and the law.

When Northwestern paid the estate the monies which the widow took from the estate, it became the owner of that much of her interest. The sale as set up by the probate and chancery court did not produce enough money to satisfy the surety's judgment. The effect of the sale as ordered would be an around about way of taking the homestead of the widow in direct controvention of express constitutional and statutory provisions. If the widow's defalcation erased the exemption barrier, the general creditors would benefit at the expense of the surety who has already made the general creditors whole for the misapplication of the funds by the executrix. We do not believe this is the intent of the exemption provisions of the law.

It has been said by one text writer that the homestead is as completely beyond the reach of ordinary creditors as if it

were on another planet. We have stated that the homestead exemption has no creditors except those mentioned in the Constitution. *Bank of Dover* v. *Jones,* 192 Ark. 740, 95 S.W. 2d 92 (1936); *Stanley* v. *Snyder,* 43 Ark. 429 (1884). The only way the exemption may be removed is by waiver or abandonment. Neither have occurred here except insofar as the claim of Northwestern is concerned.

Reversed and remanded.

We agree, HARRIS. C.J., BYRD and HOLT, JJ.