ARKANSAS SAVINGS AND LOAN ASSOCIATION et al *v.* Frances HAYES

82-137                                          637 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered July 19, 1982
[Rehearing denied September 13, 1982.]

*Tom Tanner,* for appellants.

*Warner & Smith,* by: *James M. Dunn,* for appellee.

ROBERT H. DUDLEY, Justice. The principal issue in this complex case is whether there was a claim of the debtor's homestead exemption which would allow title to real estate to be conveyed free of a judgment lien. In January, 1978, Patricia Stanley filed suit for divorce against Harvey Stanley. They agreed to sell their home in Pulaski County, which they owned as tenants by the entirety, and the proceeds of the sale were to be paid into the registry of the court for division. On January 29, 1979, Harvey Stanley vacated the home and since then has not occupied it. On February 12, 1979, appellee Frances Hayes obtained a judgment in Pulaski County against only Harvey Stanley in the amount of $12,755.95. Judgment was entered the same day and Harvey Stanley did not appeal. Thus a judgment lien was created. Harvey Stanley has never claimed the judgment debtor's homestead exemption from the judgment lien.

Meanwhile, Patricia Stanley and the two minor children occupied the home. On February 21, 1979, the Stanleys executed a contract for the sale of their home and agreed to withhold $10,000 from the proceeds of the sale for the court to divide. The remainder of the net proceeds were to be divided equally. On March 20, 1979, the court in an interlocutory decree approved the agreement and, on the same day, the Stanleys conveyed the property by warranty

deed to appellants James R. and Jeanette Morrison. Patricia Stanley in the warranty deed released her homestead rights in the lands.

On April 4, 1979, appellee Frances Hayes filed a writ of garnishment on the court clerk, who was withholding $10,000 from the sale of the property. Subsequently half of the money was paid to Patricia Stanley and the other half was paid to appellee Frances Hayes, the judgment creditor.

Next, appellants James R. and Jeanette Morrison conveyed the property by warranty deed to appellants Robert A. and Marsha Elliott who mortgaged the property to appellant Arkansas Savings and Loan Association who, in turn, assigned the mortgage to appellant Worthen Bank and Trust Company. Appellee Frances Hayes, the judgment creditor, then commenced this action by seeking to foreclose her judgment lien against the property for the balance of the judgment. Appellants Robert A. and Marsha Elliott wanted to sell the property but found the litigation to be a severe obstacle. They did not want to wait on a final decree and so they impleaded $10,000 and in their petition stated:

> Petitioners herewith submit $10,000.00 to be paid into the Register of the Court and be substituted for the property of the defendants against which the lien is claimed. All rights and claims, all defenses and encumbrances which any party to the litigation may have against the real estate be transferred and in the same manner be impressed upon the fund placed in the Register of the Court. That the Court order and direct the property herein before described, the property of the litigation, be released and the lien discharged as to this real estate.

The parties subsequently agreed to an order which provides that the $10,000 is substituted for the real estate and is to be treated in the same manner as if it were real estate.

Appellants, who are subsequent purchasers and mortgagees argue they are entitled to assert the homestead exemption of the Stanleys. The trial court denied the

homestead exemption and held that the judgment lien was a valid first lien on the $10,000.00. We reverse.

The sale of a homestead can convey title free of a judgment lien in existence at the time of the sale, *Stanley et al* v. *Snyder et al*, 43 Ark. 429 (1884), and it is well established that as to a homestead there are no creditors. *White* v. *Turner*, 203 Ark. 95, 155 S.W.2d 714 (1941). Once the property is occupied as a homestead nothing more need be done to give the debtor the right to claim the personal privilege against a judgment creditor's sale. *Snider et al* v. *Martin*, 55 Ark. 139, 17 S.W. 712 (1891). At one time, in order to claim the homestead exemption, the judgment debtor was compelled to file a schedule of the property claimed and have the clerk issue a supersedeas staying the sale under execution. *Norris et al* v. *Kidd*, 28 Ark. 485 (1873). Today the judgment debtor does not lose the right to claim the exemption by the failure to claim the homestead before sale, but instead may wait until suit is brought before asserting his exemption. Ark. Stat. Ann. § 30-210 (Repl. 1979); *Davis* v. *Day*, 56 Ark. 156, 19 S.W.2d 502 (1892). However, once putting the debtor's homestead right at issue, the burden of proof is on the one claiming the right to the exemption. *Chastain* v. *Arkansas Bank & Trust Co.*, 157 Ark. 423, 249 S.W. 1 (1923). For an excellent comment on the subject see Pryor, *Establishment of the Homestead Exemption in Arkansas*, 9 Ark. L. Rev. 37 (1954).

Harvey Stanley did not, and does not now, seek to exercise his right against execution. Thus his right to the exemption has now been forfeited. *Snider et al* v. *Martin,* supra. The appellants, who are subsequent purchasers and mortgagees, cannot claim the judgment debtors' right to the exemption because it is a personal right which must be exercised by the party who seeks its benefits, *Jones* v. *Thompson*, 204 Ark. 1085, 166 S.W. 1036 (1942). However, appellants correctly contend that Patricia Stanley has claimed the right of exemption. She was entitled to the exemption for when a husband refuses or neglects to claim the homestead as exempt, the wife may do so. Section 30-210, supra; *Hollis* v. *State,* 59 Ark. 211, 27 S.W. 73 (1894). It is not disputed that the home was her homestead and that she

claimed it as such. Therefore, the sale of the homestead conveyed title free of the judgment lien which existed at the time of the sale. *Stanley et al* v. *Snyder et al,* supra. The trial court erred by allowing foreclosure of the exempted homestead.

Reversed.