# TRIPLE D-R DEVELOPMENT (LLC) *v.*
# FJN CONTRACTORS, INC.

CA 98-829 986 S.W.2d 429

Court of Appeals of Arkansas
Division II
Opinion delivered March 3, 1999

[Petition for rehearing denied April 7, 1999.]

*Marian M. McMullan, P.A.*, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, and *Robin J. Carroll*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellee, FJN Contractors, Inc., d/b/a Julian Farms, Inc., obtained a judgment against Brooks Lisenbey in the Circuit Court of Pulaski County on November 20, 1995, and filed a certified copy of the judgment with the Grant County Circuit Clerk's office on December 15, 1995. Although the judgment was indexed in the clerk's Common Law Book A, it was not indexed in Judgment Book C until February 26, 1997. In March 1996, Brooks Lisenbey and his wife conveyed their real property in Grant County to appellant, Triple D-R Development, by warranty deed. Mr. Lisenbey did not satisfy appellee's judgment.

On June 10, 1996, appellee filed a complaint against appellant, requesting that its judgment lien be declared superior to appellant's interest in the property and seeking foreclosure. In its answer, appellant asserted that appellee's judgment could not have attached as a lien to Mr. Lisenbey's property because it was his homestead and because it was not properly indexed by the circuit clerk's office. Appellant also argued that because it had satisfied the Lisenbeys' mortgage on the property, it should be equitably subrogated to the interest of the mortgagee if appellee's judgment was determined to be a valid lien against the property.

Appellee moved for summary judgment and filed an affidavit by the Grant County Circuit Clerk, who attested that the copies filed with her affidavit were true and correct copies of records kept in her office and under her care and control. With her affidavit were copies of pages from Common Law Book A and Judgment Book C and the file-marked judgment against Brooks Lisenbey.

In response, appellant asserted that although the judgment was filed, it was not properly indexed and, therefore, did not constitute a lien upon the property; that it did not have actual notice of appellee's judgment; that the judgment could not constitute a lien against the Lisenbeys' homestead; and that because it had satisfied the Lisenbeys' mortgage, it should be equitably subrogated to the mortgagee's rights. Appellant filed the affidavit of Martha McCloud, an employee of Hot Spring County Title Company, who conducted the title search in connection with the sale of the property to appellant. She stated that before closing the transaction, she checked the judgment index records of Grant County and found no judgment against Brooks Lisenbey indexed therein. Ms. McCloud attested that from the proceeds of the sale, $70,511.58 was paid to the mortgagee and that she had had no actual knowledge of the judgment against Mr. Lisenbey. Appellant also filed the affidavit of Eva Denise Lisenbey, who stated that she and her husband had resided at the property in question as their primary residence from July 8, 1994, until March 11, 1996, and that they claimed this property as their homestead.

Appellant also moved for summary judgment on the basis of the property's status as the Lisenbeys' homestead at the time of the sale. In support of this motion, appellant filed Brooks Lisenbey's affidavit, wherein he stated that from July 8, 1994, until March 11, 1996, he and his wife had lived at the property as their primary residence and that they claimed it as their homestead.

In its order of April 28, 1998, the Grant County Chancery Court granted appellee's motion for summary judgment and found:

> 2. The Court finds that the judgment was properly indexed by the Grant County Circuit Clerk in Common Law Book A. Because the judgment was properly indexed and recorded on December 15, 1995, it became a valid lien on the property in question at that time. The buyer of the property had proper notice of the lien when the property was purchased in March of 1996. A reasonable search of the clerk's records would have discovered this lien. The Plaintiff's judgment lien is now the senior lien on this property.

3. Because the Court finds that the judgment was properly recorded and indexed, the Court grants the Plaintiff's motion for summary judgment. The Plaintiffs may now proceed with their foreclosure action as prayed for in their complaint and provided for in the November 20, 1995 judgment.

4. The Defendant has argued that summary judgment should not be granted because the Lisenbys [sic] have claimed a homestead exemption. The Court finds this argument to be inapplicable because the Lisenbys [sic] receive no benefit from claiming the exemption.

5. The Defendant further argues that the doctrine of equitable subrogation applies and should reduce the amount of the Plaintiff's interest. This argument is also inapplicable because this case does not involve one person paying the debt of another and receiving the rights and defenses of the person for whom the debt was paid.

The court granted foreclosure on appellee's lien and ordered a commissioner's sale of the property. It is from this order that appellant has appealed.

■ ■ The legal principles that govern this court's review of a trial court's grant of summary judgment are well established. Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Johnson v. Harrywell, Inc.*, 47 Ark. App. 61, 885 S.W.2d 25 (1994). In considering a motion for summary judgment, the court may also consider other documents such as pleadings, answers to interrogatories, admissions, and affidavits. *Muddiman v. Wall*, 33 Ark. App. 175, 803 S.W.2d 945 (1991). When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Johnson v. Harrywell, Inc., supra.* In appeals from the granting of summary judgment, this court reviews facts in a light most favorable to the appellant and resolves any doubt against the moving party. *Id.* Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Id.* On

appellate review, this court need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of a motion left a material question of fact unanswered. *Id.*

On appeal, appellant argues that a question of fact exists as to whether the judgment was properly indexed by the Grant County Circuit Clerk pursuant to Ark. Code Ann. § 16-65-117 (Supp. 1997), and also argues that the chancellor erred in finding that the homestead exemption is inapplicable.

Although we agree that issues of fact remain as to the Grant County Circuit Clerk's procedures for indexing judgments and whether these procedures were followed properly, we do not reverse on this point because we believe that the issues regarding the homestead defense control the outcome of this appeal. We think that the chancellor erred in finding that the homestead exemption is inapplicable because the Linsenbeys receive no benefit from claiming it. Appellee argues that the homestead exemption does not apply here because the property involved is no longer the Lisenbeys' homestead and because they conveyed away their homestead interest in the warranty deed to appellant. Again, we disagree. Even if the Lisenbeys did waive their homestead rights in this warranty deed, they only did so as between themselves and appellant; they are not claiming the homestead exemption as a defense to any sort of action brought by appellant.

 Article 9, Section 3, of the Arkansas Constitution provides:

> The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.

Appellee cites the general rule of law that the homestead exemption is a personal right that must be exercised by the party seeking

its benefits. *State v. Sheriff of Lafayette County*, 292 Ark. 523, 731 S.W.2d 207 (1987); *Jones v. Thompson*, 204 Ark. 1085, 166 S.W.2d 1036 (1942). Homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they were intended. *Smith v. Flash TV Sales and Service, Inc.*, 17 Ark. App. 185, 706 S.W.2d 184 (1986). It is generally accepted that the homestead exemption has no creditors except those mentioned in the constitution, and the only way the exemption may be removed is by waiver or abandonment. *Northwestern Nat'l Ins. Co. v. Sulcer*, 267 Ark. 31, 588 S.W.2d 442 (1979). In that case, the court stated: "It has been said by one text writer that the homestead is as completely beyond the reach of ordinary creditors as if it were on another planet." 267 Ark. at 33-34, 588 S.W.2d at 444. *Accord White v. Turner*, 203 Ark. 95, 155 S.W.2d 714 (1941).

◼ We hold that the chancellor erred in finding that the Lisenbeys receive no benefit from claiming the homestead exemption. As appellant's counsel pointed out at the hearing on the motions for summary judgment, the Lisenbeys gave a warranty deed to appellant and, therefore, warranted title to the property conveyed.

◼ Furthermore, the homestead exemption may be raised as a defense to this action even though the property has been conveyed. A homestead claimant may sell his homestead free from any judgment rendered against him or execution issued thereon, except for claims which may be enforced against a homestead under the constitution, and the plea of homestead is available to the grantee. *See Dean v. Cole*, 141 Ark. 177, 216 S.W. 308 (1919); *Baker v. Hudson*, 117 Ark. 492, 176 S.W. 337 (1915). *See also Stanley v. Snyder*, 43 Ark. 429, 434 (1884), where the court stated that "[t]he debtor may sell, exchange or give it away and his creditor has no just cause of complaint; for being exempt, it is no more beyond his reach after transfer than it was before," and 40 Am. Jur.2d *Homestead* § 116 (1968). In *Blackford v. Dickey*, 302 Ark. 261, 789 S.W.2d 445 (1990), the supreme court stated that the sale of a homestead can convey title free of a judgment lien in existence at the time of the sale.

In our view, *Arkansas Savings & Loan Association v. Hayes,* 276 Ark. 582, 637 S.W.2d 592 (1982), is controlling and requires reversal here. In that case, the supreme court was presented with the issue of whether a claim of the debtors' homestead exemption survived conveyance of the property. In January 1978, Patricia Stanley sued for divorce against her husband, Harvey Stanley. They agreed to sell their house and the proceeds of the sale were to be paid into the registry of the court for division. On February 12, 1979, Frances Hayes obtained a judgment against Mr. Stanley, who did not appeal or claim the homestead exemption. In the meantime, Mrs. Stanley and their children remained in the home. On February 21, 1979, the Stanleys entered into a contract to sell their home and agreed to withhold $10,000 from the proceeds of the sale for the court to divide equally. On March 20, 1979, the Stanleys conveyed the property by warranty deed to the Morrisons and released their homestead rights in the property. On April 4, 1979, Ms. Hayes filed a writ of garnishment on the court clerk, who was holding the $10,000 from the sale of the property. Half of the money was paid to Mrs. Stanley and the other half was paid to Ms. Hayes. The Morrisons then conveyed the property by warranty deed to the Elliotts, who mortgaged the property to Arkansas Savings & Loan Association, and who, in turn, assigned the mortgage to Worthen Bank and Trust Company. Ms. Hayes sued to foreclose her judgment lien against the property for the balance of the judgment. Because the Elliotts wanted to sell the property, they impleaded $10,000 into the registry of the court as substitution for the real estate.

At trial, the purchasers and mortgagees argued that they were entitled to assert the Stanleys' homestead exemption. The trial court disagreed. That decision was reversed on appeal to the supreme court, which stated:

> The sale of a homestead can convey title free of a judgment lien in existence at the time of the sale, *Stanley et al. v. Snyder et al.,* 43 Ark. 429 (1884), and it is well established that as to a homestead there are no creditors. *White v. Turner,* 203 Ark. 95, 155 S.W.2d 714 (1941). Once the property is occupied as a homestead nothing more need be done to give the debtor the right to claim the personal privilege against a judgment creditor's sale. *Snider et al. v. Martin,* 55 Ark. 139, 17 S.W. 712 (1891). At

one time, in order to claim the homestead exemption, the judgment debtor was compelled to file a schedule of the property claimed and have the clerk issue a supersedeas staying the sale under execution. *Norris et al. v. Kidd*, 28 Ark. 485 (1873). Today the judgment debtor does not lose the right to claim the exemption by the failure to claim the homestead before sale, but instead may wait until suit is brought before asserting his exemption. Ark. Stat. Ann. § 30-210 (Repl. 1979); *Davis v. Day*, 56 Ark. 156, 19 S.W.2d 502 (1892). However, once putting the debtor's homestead right at issue, the burden of proof is on the one claiming the right to the exemption. *Chastain v. Arkansas Bank & Trust Co.*, 157 Ark. 423, 249 S.W.1 (1923). For an excellent comment on the subject see Pryor, *Establishment of the Homestead Exemption in Arkansas*, 9 Ark. L. Rev. 37 (1954).

Harvey Stanley did not, and does not now, seek to exercise his right against execution. Thus his right to the exemption has now been forfeited. *Snider et al. v. Martin, supra.* The appellants, who are subsequent purchasers and mortgagees, cannot claim the judgment debtors' right to the exemption because it is a personal right which must be exercised by the party who seeks its benefits, *Jones v. Thompson*, 204 Ark. 1085, 166 S.W. 1036 (1942). However, appellants correctly contend that Patricia Stanley has claimed the right of exemption. She was entitled to the exemption for when a husband refuses or neglects to claim the homestead as exempt, the wife may do so. Section 30-210, *supra*; *Hollis v. State*, 59 Ark. 211, 27 S.W. 73 (1894). It is not disputed that the home was her homestead and that she claimed it as such. Therefore, the sale of the homestead conveyed title free of the judgment lien which existed at the time of the sale. *Stanley et al. v. Snyder et al., supra.* The trial court erred by allowing foreclosure of the exempted homestead.

276 Ark. at 585-86, 637 S.W.2d at 594.

 In the case before this court, each of the Lisenbeys have filed affidavits claiming the homestead exemption. There are no substantive differences between this case and *Arkansas Savings & Loan Association v. Hayes.* In both cases, the homestead exemption was not raised until after the property had been conveyed by warranty deed containing a release of the homeowners' homestead rights. Appellee argues that the present case is distinguishable from *Arkansas Savings & Loan Association v. Hayes* because Mrs.

Stanley benefitted from claiming the exemption while funds were held in the court's registry. We disagree; the Lisenbeys gave appellant a warranty deed to the property, and we hold that the chancellor erred in finding that the Lisenbeys gain no benefit from claiming the homestead exemption. Therefore, the summary judgment for appellee is reversed, and we remand this case with directions that the chancellor grant appellant's motion for summary judgment on the basis of the homestead exemption. *See Colonia Underwriters Ins. Co. v. Worthen Nat'l Bank*, 53 Ark. App. 106, 919 S.W.2d 515 (1996).

Reversed and remanded with directions.

ROGERS and BIRD, JJ., agree.