# TRI-STATE DELTA CHEMICALS, INC.
## *v.* Michael WILKISON

CA 01-162                                55 S.W.3d 304

Court of Appeals of Arkansas
Division III
Opinion delivered September 26, 2001

*Lyons, Emerson & Cone, P.L.C.*, by: *Jim Lyons*, for appellant.

One brief only.

S AM BIRD, Judge. In this one-brief case, Appellant Tri-State Delta Chemicals, Inc., appeals the dismissal of its complaint to have a $67,918.26 judgment declared as a first lien on real estate owned by appellee Michael Wilkison. Tri-State contends on appeal that the trial court erred in finding that the real property was Wilkison's homestead. We affirm.

The stipulated facts of this case, set forth in a letter opinion of the Monroe County Circuit Court, are as follows. In September 1987, Wilkison obtained title by warranty deed to the real property at issue. He moved onto the property shortly afterward and continued to reside there through the time of the proceedings in circuit court. Wilkison married in March 1994. His bride, Sarah, and her then-minor son, Larry, lived with Wilkison on the subject real property until she separated from him about October 1998. The couple were divorced on January 7, 2000, but Larry, who was then nineteen years old, continued to reside with Wilkison.

On July 19, 1999, a consent judgment was entered in favor of Tri-State against Wilkison. On September 18, 1999, Tri-State filed its complaint in this action, seeking to impress a lien on the subject real property and to foreclose its judgment lien, sell the property, and apply the proceeds to its judgment. In his answer, Wilkison admitted the judgment against him, but he contended that the real property upon which Tri-State sought to foreclose was his homestead.

At a hearing on its complaint, Tri-State argued that since Wilkison was neither married nor the head of family when he acquired the property, he could not acquire a homestead in the property by virtue of his marriage to Sarah. Tri-State argued further that even though Larry continued to reside on the property, Wilkison did not support him; therefore, Tri-State argued, Wilkison could not qualify as the head of a family merely because Larry continued to live with him.

Article 9, Section 3, of the Arkansas Constitution provides:

The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity.

Homestead laws are remedial and should be liberally construed to effectuate the beneficent purposes for which they were intended. *Triple D-R Dev. v. FJN Contractors*, 65 Ark. App. 192, 986 S.W.2d 429 (1999). It is generally accepted that the homestead exemption protects against all creditors except those mentioned in the constitution, and that the only way the exemption may be removed is by waiver or abandonment. *Id.* Once the property is occupied as a homestead, nothing more need be done to give the debtor the right to claim the personal privilege against a judgment creditor's sale. *Arkansas S & L v. Hayes*, 276 Ark. 582, 637 S.W.2d 592 (1982), (citing *Snider et al. v. Martin*, 55 Ark. 139, 17 S.W. 712 (1891)). The question of homestead and residence, being a question of intention, must be determined by the facts in each case, and the trial court's finding of fact will not be disturbed unless it appears to be against the preponderance of the evidence. *Smith v. Flash TV Sales & Serv., Inc.*, 17 Ark. App. 185, 706 S.W.2d 184 (1986), (quoting *City Nat'l Bank v. Johnson*, 192 Ark. at 945, 949, 96 S.W.2d at 482, 484 (1936)).

Following the hearing and the submission of briefs, the trial court agreed with Tri-State's argument that Wilkison did not continue to be the head of a family simply because Larry continued to live with him. However, the chancellor found that Wilkison had acquired the real property as his homestead previous to the entry of the consent judgment in favor of Tri-State, and that the property did not lose its status as Wilkison's homestead simply because he and Sarah had divorced. The court ruled that Arkansas law regarding a homestead exemption does not require that a landowner be married or head of household when he purchases the real estate. The trial court was correct.

Tri-State argues on appeal, as it did to the trial court, that no family relationship existed in this case because Wilkison was not married at the time he acquired the property; because at the time Sarah married him, her son was thirteen; and because any authority

and control Wilkison had over his stepson was broken with the divorce. Tri-State points out that in *Yadon v. Yadon*, 202 Ark. 634, 635, 151 S.W.2d 969, 970 (1941), the homestead exemption was upheld for a widow who "was the one in authority and control of the family" after her husband's death, and the "relationship [had] never been broken or disintegrated by the removal of all the children from the family circle." We do not view this summary of the factual situation in *Yadon* as standing for the proposition that a person who has acquired the homestead right cannot claim the homestead exemption if he does not occupy a position of familial "authority and control" when the marriage ends.

Tri-State additionally relies upon *Ross v. White*, 15 Ark. 98, 689 S.W.2d 588 (1985), for the proposition that a homestead exemption cannot be claimed for real estate acquired before marriage. The *Ross* court stated that divorce did not deprive a man of his right to claim the homestead exemption *where he had acquired and occupied the homestead while head of the family*, and where he continued to reside on it. (Emphasis Tri-State's.) Just as we find no requirement under *Yadon* that a divorcee claiming a homestead exemption must show continued "authority and control" in a familial relationship, we deduce no requirement from *Ross* that marriage must precede the acquisition of real estate under which a homestead is claimed.

■ As the supreme court explained in *Butt v. Walker*, 177 Ark. 371, 373, 6 S.W.2d 301, 301 (1928):

> No one can acquire a homestead unless he is at the time a married man or the head of a family. But if, while a married man or head of a family, he acquires a homestead, he does not lose his right to claim it as exempt because his wife dies or because he is divorced, even though he may have no family living with him.

In the recent case of *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001), the supreme court again stated that divorce does not terminate the homestead right in the household head who continues to occupy the homestead.·

■ Here, Wilkison acquired a homestead in his previously purchased real estate when his new wife and her son moved into his home. Under the Arkansas Constitution and the cases discussed above, we find no merit to Tri-State's argument that Wilkison lost his right to claim the homestead exemption against judgment creditors because he and his wife later divorced.

Affirmed.

ROBBINS and VAUGHT, JJ., agree.