Sherry PARKER and Sherry Crow *v.* Raymond JOHNSON and Loree Johnson

CA 05-1350

Court of Appeals of Arkansas
Opinion delivered May 17, 2006

[Rehearing denied June 14, 2006.]

*Streetman, Meeks & McMillan,* by: *Denise D. McMillan,* for appellants.

*Vickery & Carroll, P.A.,* by: *Ian W. Vickery,* for appellees.

JOHN MAUZY PITTMAN, Chief Judge. Judgments were obtained separately by each of the appellants against Tiffany Johnson, and these judgments were recorded on July 1 and 24, 2002. Shortly thereafter, on July 30, 2002, Tiffany Johnson was divorced from Robert Johnson. Upon entry of the final decree of divorce, certain residential real property owned jointly by Tiffany and Robert Johnson during their marriage was converted by operation of law from an estate by the entireties to a tenancy in common pursuant to Ark. Code Ann. § 9-12-317 (Repl. 2002). The property subsequently was sold in a court-ordered partition sale conducted pursuant to a property settlement agreement that had been approved by the court and incorporated into the divorce decree. The purchaser at the partition sale was the Johnson family corporation, in which appellees Raymond and Loree Johnson are principals. The corporation then voluntarily paid the mortgage debt and sold the property to unrelated parties, the Smiths, who had knowledge of the judgment liens. Appellees brought a declaratory judgment action to clear title to the property pursuant to an indemnity agreement with the Smiths. In a prior opinion, we held that the trial judge erred in ruling that the retirement of the mortgage indebtedness by the Johnson family corporation following the public sale extinguished appellants' judgment liens, and reversed and remanded the trial court's grant of summary judgment on that basis. *See Parker v. Johnson,* 90 Ark. App. 161, 204 S.W.3d 586 (2005). On remand, the trial court conducted a hearing and found that the evidence was insufficient to show a waiver or abandonment of the homestead exemption on the property by Robert Johnson, and that the homestead exemption barred the attachment of appellants' judgment liens. On appeal, appellants contend that the trial court erred in holding that res judicata did not bar the homestead issue, and in finding that the homestead exemption applied. We affirm.

We first address the res judicata issue. Under the claim-preclusion aspect of the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action.

*Murry v. Mason*, 42 Ark. App. 48, 852 S.W.2d 830 (1993). Res judicata bars not only the re-litigation of claims which were actually litigated in the first suit but also those which could have been litigated. *Id*. The doctrine of res judicata applies, however, only when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. *Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993). Here, no such "full and fair opportunity" to litigate the homestead issue existed in the prior proceeding because it turned on a question of intent, a factual issue that could not be decided in the context of the summary judgment motion and that the trial court expressly refused to decide on that very basis.

Nor do we think that the trial court erred in finding that the homestead exemption applied. Once acquired, a homestead right in the head of household who continues to occupy the homestead is not terminated by divorce. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). The Johnsons' agreement to sell the home during the divorce proceeding is not determinative: the homestead exemption may be raised as a defense to this action even though the property has been conveyed. A homestead claimant may sell his homestead free from any judgment rendered against him or execution issued thereon, except for claims which may be enforced against a homestead under the Constitution, and the plea of homestead is available to the grantee. *Triple D-R Development v. FJN Contractors, Inc.*, 65 Ark. App. 192, 986 S.W.2d 429 (1999). The sale of a homestead can convey title free of a judgment lien in existence at the time of the sale. *Blackford v. Dickey*, 302 Ark. 261, 789 S.W.2d 445 (1990). A homestead may, however, be abandoned. The principles relevant to this issue were thoroughly discussed in *Smith v. Flash TV Sales & Service, Inc.*, 17 Ark. App. 185, 706 S.W.2d 184 (1986), where the learned Judge James R. Cooper wrote for the court:

> The general rule is that the burden of proving a sufficient occupancy of the property to establish a homestead is upon the party claiming the right to the exemption. *Arkansas Savings and Loan Association v. Hayes*, 276 Ark. 582, 637 S.W.2d 592 (1982); *Automotive Supply Inc. v. Powell*, 269 Ark. 255, 599 S.W.2d 735 (1980); *Barnhart v. Gorman*, 131 Ark. 116, 198 S.W. 880 (1917); *Gibbs v. Adams*, 76 Ark. 575, 89 S.W. 1008 (1906).
>
> "[I]ntention to abandon [a homestead] is an issue of fact, and in such a situation, evidence is rarely clear. However, the legal pre-

sumption is that the homestead right continues until it is clearly shown that it has been abandoned." *Vesper v. Woolsey*, 231 Ark. 782, 785-86, 332 S.W.2d 602, 604-05 (1960). *Accord City National Bank, supra*. The burden is upon one claiming that a homestead has been abandoned to establish that fact. *Melton v. Melton*, 126 Ark. 541, 191 S.W. 20 (1917).

In *City National Bank, supra*, the Arkansas Supreme Court explained that the intention of the one claiming the exemption is central to the determination of such cases:

> The Constitution provides for the homestead, and, when once established, the presumption is that it continues until it is shown by the evidence that it has been abandoned. The question of homestead and residence, being a question of intention, must be determined by the facts in each case, and the [trial court's] finding of fact will not be disturbed unless it appears to be against the preponderance of the evidence.

192 Ark. at 949, 96 S.W.2d at 484.

In *Caldcleugh v. Caldcleugh*, 158 Ark. 224, 250 S.W. 324 (1923), the court dealt with the issue of intent in the context of abandonment of the homestead:

> It is well settled that a removal from the homestead, where there is a fixed and abiding intention to return to it, will not constitute an abandonment of it as a homestead. An abandonment of a homestead is almost, if not entirely, a question of intent, which must be determined from the facts and circumstances attending each case. A removal from the homestead may be caused by necessity or for business purposes, and if the owner has an unqualified intention to preserve it as a homestead and return to it, his removal will not result in an abandonment of the land as a homestead.

158 Ark. at 230-31, 250 S.W. at 326. *Accord Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347 (1971); *Harrison v. Rosensweig*, 185 Ark. 281, 47 S.W.2d 2 (1932); *McDaniel v. Conlan*, 134 Ark. 519, 204 S.W. 850 (1918); *Melton, supra; Stewart v. Pritchard*, 101 Ark. 101, 141 S.W. 505 (1911); *Brown v. Watson*, 41 Ark. 309 (1883); *Euper v. Alkire & Co.*, 37 Ark. 283 (1881).

It has also been held, however, that one will be presumed to have abandoned his old home when he leaves it and acquires another, where he resides for a considerable time, in the absence of convinc-

ing testimony to the contrary. *Gillis v. Gillis*, 164 Ark. 532, 262 S.W. 307 (1924); *Wolf v. Hawkins*, 60 Ark. 262, 29 S.W. 892 (1895). "The facts that the absence extended over a period of six years, and that the debtor during that period occupied another house owned by him, tend to show a change of residence, but are not conclusive." *Robinson v. Swearingen*, 55 Ark. 55, 58, 17 S.W. 365, 366 (1891). *See also Brown, supra.* Additionally, the abandonment of a homestead may be proved by conduct, circumstances, and actions, as well as by direct testimony. *Harrison, supra; Lilly v. Lilly*, 178 Ark. 324, 11 S.W.2d 765 (1928).

This Court recently considered the question of abandonment of a homestead in *Ross v. White*, 15 Ark. App. 98, 689 S.W.2d 588 (1985). In that case, we held that the trial judge's decision that the debtor had impressed a homestead on his property and never abandoned it was not clearly erroneous. In *Ross*, the debtor had moved out of state, but had continued to make the mortgage payments on the property, and had occupied and worked on the house during his returns to Arkansas. He had also allowed his sister to move into the house without paying rent. He further continued to pay taxes and was registered to vote in Arkansas and claimed to have never abandoned his Arkansas homestead.

*Smith*, 17 Ark. App. at 190-92, 706 S.W.2d at 187.

In the present case, the trial court found that appellants failed to meet their burden of showing an intent to abandon the homestead, basing this finding in part upon Robert Johnson's statement that he continued to maintain and improve the home, and that he intended to remain in the home by buying it back as he had done during a prior divorce. We cannot say that the court clearly erred in so finding, and we therefore affirm. *See Tri-State Delta Chemical, Inc. v. Wilkison*, 75 Ark. App. 140, 55 S.W.3d 304 (2001).

Affirmed.

ROBBINS and BAKER, JJ., agree.