GHENT *v.* STATE USE SCHOOL DISTRICTS.

4-3559

Opinion delivered October 15, 1934.

*M. E. Vinson,* for appellant.

*J. L. Bittle* and *Wm. T. Hammock,* for appellee.

BUTLER, J. The appellee school districts obtained a judgment in the Cleburne Chancery Court against the treasurer of the county and his bondsmen. An execution was regularly issued on January 5, 1933, and returned by the sheriff indorsed: "Returned unserved as Legislature relieved Shemwell and his bondsmen. W. B. Ghent, sheriff." On April 25, 1933, a second execution was issued and delivered to the sheriff, who, on May 31 following, returned the execution unserved and indorsed: "This execution which came to my hand on the 26th day of April, 1933, is hereby returned unsatisfied because, (1), the fees for making levy and for advertising have not been paid nor tendered me; and because, (2), I am advised that under act of the 1933 Legislature of the State of Arkansas, the defendants were relieved from liability." On June 13, 1933, a third execution was issued and tendered to the sheriff on June 17, which was not served. Appellees instituted a proceeding by which they sought to compel the sheriff by mandamus to serve the execution.

At the trial the court found that the executions, which were copied in the complaint, were delivered or tendered to the defendant and the requisite fees for the service thereof were paid or tendered to him. The court made other findings of fact and declarations of law which we deem immaterial at present, and held that the petitioners (appellees) were entitled to the relief prayed, and ordered the writ of mandamus to issue.

A number of assignments of error are contained in the motion for a new trial, but we need notice only the following contentions that mandamus does not lie in this case. These are that to issue the writ was to compel the sheriff to do an act forbidden by law; that the petition was insufficient because it failed to allege that the petitioners had no other adequate remedy; that discretionary powers will not be controlled by mandamus; that the allegations of the response were admitted to be true by the demurrer filed thereto, and that therefore the judg-

ment sought to be enforced by execution was nullified by an act of the Legislature; that, as the execution was not in the hands of the sheriff, the mandamus would require him to do an impossible thing, and that, payment or tender of fees for service being necessary, if not paid or tendered, mandamus would not lie to compel the sheriff to act.

An answer to all of these contentions is that the petitioners had a legal right, were entitled to the specific remedy invoked to enforce it, and the sheriff was under the imperative duty to enforce this specific remedy but failed to do so. The court specifically found that the executions were issued and delivered to the sheriff and the fees paid or tendered, and the evidence, although in conflict, was ample to sustain the findings of the court. The sheriff was not clothed with discretion with respect to the levy of the execution. It was regular on its face, issued pursuant to the judgment of a court of competent jurisdiction, and was to enforce a legal right already established. It has often been held, and is no longer a controverted question, that when a public officer is called upon to do a plain and specific public duty which is required by law and which requires no exercise of discretion or official judgment, a writ of mandamus is an appropriate remedy to compel the performance of the duty when it is neglected or refused. It is true, as contended by the appellant, that mandamus will not issue where the petitioner has another and adequate remedy, but the modes by which a petitioner may enforce a judgment suggested by the appellant, i. e., garnishment, an action against the sheriff and his bondsmen, and a transfer of funds by the county court from the funds belonging to the agencies of the county which were beneficiaries of money improperly paid by the treasurer—are not adequate remedies within the meaning of the law. It might be that, by one of the methods pointed out, they might secure the amount of the judgment awarded by the court, but the statute gives to the judgment creditor the specific remedy of execution which he is entitled to have enforced by the sheriff, notwithstanding the fact that he

might have other means by which his judgment may be collected.

As stated, the petitioner had a legal right and a specific remedy to enforce the same, and, under the rule announced in *Board of Improvement* v. *McManus,* 54 Ark. 446-48, 15 S. W. 897, it was entitled to a writ of mandamus to compel the sheriff to perform his duty. The act commanded by mandamus was not one forbidden by law, but rather one required by it, and the averments in the petition of the judgment, the issuance and deliverance to the sheriff of the writ of execution, and his failure and refusal to levy the same, were sufficient to allege that petitioner had no other adequate remedy. The term, "adequate remedy at law," has a well-defined legal meaning and is a remedy which is plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked. In this case the particular duty sought to be enforced by mandamus was the levy of the execution. An adequate remedy, as contemplated by the law, must be one which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance. This is the reason why the particular remedies pointed out by the appellant, if effective in the end, would not be adequate remedies so as to preclude resort to mandamus.

It was not the business of the sheriff to consider the effect of act No. 58 of the Acts of 1933, referred to in his indorsement, but to levy the execution, and then, if the judgment debtor was aggrieved, his remedy was ample to protect his interests without the aid of the sheriff. The order of the court to the effect that the sheriff levy the execution "to be issued and delivered to him," under the peculiar facts in this case, was not a commandment to do an impossible thing as contended by him. That this is true is so obvious nothing more need be said regarding this contention.

Much has been said in the briefs of appellant and appellee relative to the validity or invalidity of act No. 58 of the Acts of 1933, but the question as to its consti-

tutionality need not now be decided for the reason that, whatever may be the effect of that act it did not relieve the sheriff of his duty to obey the law.

We find no reversible error. The judgment and order of the trial court is therefore affirmed.