FAULKNER v. WOODARD.

4-6519                    156 S. W. 2d 243

Opinion delivered December 8, 1941.

*Ras Priest* and *C. M. Erwin,* for appellant.

*Pickens & Pickens,* for appellee.

HOLT, J.   On January 18, 1941, appellant, R. L. Faulkner, filed suit against appellee, Hosea Woodard, for "usurpation of office" alleging in his complaint, among other things, that he (appellant) was duly elected justice of the peace for Village township, Jackson county, Arkansas, in 1938 for a term of two years (the expiration date of his term being December 31, 1940); that he was duly commissioned and qualified, entered

upon the duties of the office, and since has been acting justice of the peace in and for said township; that at the general election, November 5, 1940, appellant was the nominee for the office of justice of the peace for Village township, and his was the only name printed upon the official ballot; that the voters at this election wrote in the name of appellee, Woodard, and Woodard received a plurality of the votes cast for the office; that Woodward acted as a judge at this election. Following the election Woodward was duly certified by the election commissioners as having been elected and on January 1, 1941, was commissioned by the governor of Arkansas as justice of the peace for Village township, took the oath of office and entered upon his duties.

He further alleged that appellee was not eligible to fill said office for the reason that he acted as one of the judges in said election contrary to art. 3, § 10, of the constitution of the state of Arkansas; that Woodard received a certificate of election over appellant's protest and under color of said certificate was commissioned by the Governor and took the oath of office of such justice of the peace; that by reason of the ineligibility of appellee to fill said office, appellant holds over, and has held over under art. 19, § 5, of the constitution of the state of Arkansas, and will continue to hold over until his successor is elected and qualified.

He further alleged that appellee, as to said office, is a mere usurper and prayed for judgment of ouster against appellee, for title to the office and for other proper relief.

February 10, 1941, appellant (plaintiff below) filed an amendment to his original complaint which, after in effect repeating the principal allegations of the original complaint, alleged in addition that since the filing of the original complaint the books and records of his office as justice of the peace have been unlawfully seized and taken from him and turned over to appellee, upon order of the court, and there is the additional prayer that an order of the court be made restoring to him the books and records of the office.

A general demurrer was interposed to the complaint as amended on the ground "that the facts set forth in said complaint are not sufficient to constitute a cause of action against the defendant." The court sustained this demurrer and appellant refusing to plead further, the complaint was dismissed for want of equity. This appeal followed.

The rule in testing a complaint on demurrer is stated in *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 2d 671, as follows: "In determining the sufficiency of a complaint as against a demurrer on the ground that the facts are insufficient to constitute a cause of action, the allegations must be taken as true. *Moore* v. *North College Avenue Imp. Dist. No. 1,* 161 Ark. 323, 256 S. W. 70; Brown v. *Arkansas Central Power Company,* 174 Ark. 177, 294 S. W. 709; *State* v. *Guthrie, ante,* p. 60, 156 S. W. 2d 210.

The complaint alleges that appellee, Woodard, was not eligible to fill the office of justice of the peace for the reason that he acted as a judge of the election at which he was elected, contrary to art. 3, § 10, of the constitution of Arkansas, and appellant urges that a cause of action is stated. It is our view that appellant is correct in this contention.

The decision of this court in *State, ex rel.,* v. *Jones,* 194 Ark. 445, 108 S. W. 2d 901, applies here. There it is said: "Appellee was not eligible to fill the office voted on at the election of March 20, 1937. Section 10, art. 3, of the constitution, cited by the appellants, is as follows: 'Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve—save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law.' Appellee's qualification as school director and his holding of said office amounts to a usurpation of office within the meaning of the statute cited, *supra.* Unless and until the General Assembly shall designate by general law subordinate municipal or local offices below the grade of county or city officers, the quoted provision of the constitution applies to any and all offices without respect to rank or

grade. The General Assembly has not, by a general law, named subordinate municipal or local offices as exempt from the constitutional provision. Therefore, the same applies to the office of school director as well as to all other civil offices.''

The complaint also alleges that by reason of the ineligibility of appellee to fill said office, appellant held over under art. 19, § 5, of the constitution of Arkansas and will continue to hold over until his successor is elected and qualified. Relying upon this allegation appellant urges here that the disqualification of appellee did not create a vacancy, and, therefore, that under the provisions of art. 19, § 5, of the constitution he (appellant) continued to hold over. Article 19, § 5, provides: ''All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified.'' We think appellant's contention here is correct.

Since appellee's election was void and of no effect, as we have indicated, it seems clear under the above plain provision of the constitution that appellant continues in the office of justice of the peace to which he was elected in 1938 until a successor to him qualifies.

In *Wood* v. *Miller,* 154 Ark. 318, 242 S. W. 573, this court said: ''Where the legal incumbent of the office is authorized to hold over after the expiration of his term until his successor is elected and qualified, the period of his holding over is as much a part of his term as the regular period fixed by law. *Kimberlin* v. *State,* 130 Ind. 120, 29 N. E. 773, 30 Am. St. Rep. 208, 14 L. R. A. 858. He has the legal right during that period to protect his incumbency from one who unlawfully invades it or to sue an usurper to recover it.''

The case before us is not in fact an election contest, and in this respect is similar to the Wood-Miller case, *supra.* There is nothing to contest so far as the result of the election is concerned. Appellee, Woodard, it is conceded, received a plurality of the votes cast, but appellant here, in his own name, is contesting appellee's eligibility to hold the office, and we think that he has the right

to do so by virtue of § 14326 of Pope's Digest (§ 10326, C. & M.'s Digest), which provides: "Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise."

In the Wood-Miller case, *supra*, this court in construing the usurpation statute, *supra*, said: " 'The design of these provisions is to enlarge the remedy formerly afforded by information in the nature of *quo warranto*. . . . It opens the way for the person who would have been the relator in an action by the state under the common-law practice to institute proceedings to test his title to an office in his own name, without leave of the court, or the intervention of the state or one of her officials, as a party. . . . It is operative in so far as it is not inconsistent with the jurisdiction conferred on the county courts.'

"This is not, in fact, a contest of an election, for, as said in *Wheat* v. *Smith*, 50 Ark. 266, 7 S. W. 161, there is nothing to contest concerning the result of the election. Appellee was elected, as conceded, but appellant is contesting his eligibility to hold the office, and he has the right to do so."

Appellee Woodard's contention, therefore, "that appellant was not the proper person for the bringing of *quo warranto* proceedings as appellant was not entitled to the office in case of ineligibility of appellee" cannot be sustained.

It is our view that the complaint stated a cause of action and that the trial court erred in sustaining appellee's demurrer. Accordingly, the judgment will be reversed, and the cause remanded with directions to overrule the demurrer.