## STATEWIDE HEALTH COORDINATING COUNCIL et al *v.* GENERAL HOSPITALS OF HUMANA, INC. et al*

83-83                                    660 S.W.2d 906

### Supreme Court of Arkansas
### Opinion delivered December 12, 1983

PER CURIAM. Petitions for Rehearing are denied.

PURTLE, J., would grant.

HAYS, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I feel we made a mistake in this case when we overruled the Pulaski County Circuit Court in affirming the decision of the state agency granting a certificate of need to General Hospitals of Humana, Inc. to build a hospital in Sherwood, Arkansas. I do not question that our decision was a correct one under a strict construction theory. However, I am of the opinion that we could have adopted a less narrow construction and affirmed the decision of the lower court.

The state agency is an arm of the state and has authority to bind the state when acting within the authorization granted to it. The state agency determined that there was a need for a hospital in Sherwood and pursuant to its granted authority issued a certificate of need for construction. The other area hospitals intervened and unsuccessfully tried to prevent the certificate from being issued. After it was granted the matter was appealed to the circuit court where the action of the agency was affirmed. Without question Humana should have waited on the appellate process before commencing construction but that is hindsight, which is always 20/20. Nevertheless, by proceeding, they were acting in full compliance with the law as evidenced by their certificates of need which had been declared valid. There is no question about petitioner acting in good faith in reliance upon the action of the state. We have held the state may be estopped to

*Original opinion appears in 280 Ark. at page 443.

deny that which has previously been approved. *Foote's Dixie Dandy, Inc.* v. *McHenry, Adm'r*, 270 Ark. 816, 607 S.W.2d 323 (1980).

I agree with petitioners' argument that federal law contemplates the states will on occasion issue a certificate of need which is not in strict compliance with the standards. The best evidence of this view is the law itself which is set out in 42 U.S.C. § 300 M-2(c) stating:

> If a State Agency makes a decision in carrying out a function described in paragraph 4 [Certificate of need decisions], (5), or (6) of subsection (a) of this section which is not consistent with the goals of the applicable HSP or the priorities of the applicable AIP, the State Agency shall submit to the appropriate health systems agency a detailed statement of the reasons for the inconsistency.

When provisions for its departure are included within the law, rule or regulation, it is not necessary for courts to create exceptions. If there was a departure from the formula in this case it appears it may have well been of the type envisioned when the law was enacted.

It is obvious that we are dealing with a case of overregulation here. Governments are not authorized to act except within the confines of the power granted to them by the people. I do not believe the people intended to grant the government the power to regulate every facet of their affairs. A less narrow construction of these statutes and regulations would allow the state agency to depart from strict compliance, as it did in this case. I believe public policy requires that we interpret these statutes in a manner consistent with the decisions of the state agency, the independent agency, the Attorney General's office and the circuit court. In the interest of public policy I would apply a very broad interpretation of these restrictive regulations. After all, the health, safety and welfare of the residents of north Pulaski County will be affected by this decision.

The cost of medical care has skyrocketed within the past few years. Many poor and needy people can no longer afford

even basic medical needs. It seems to me that competition will drive the cost of hospitalization down, not up as argued by respondents. Furthermore, the cost of hospitalization is not the only consideration involved here. Human lives may well be at stake in this instance; acutely ill persons who reside in northern Pulaski County may not survive the longer trip to other area hospitals. No value can be placed upon a human life but it seems to me the life of a north Pulaski County resident should be valued the same as one south of the river. As we interpret the laws where the health, safety and welfare of people are at issue, we should insure that these rights are jealously guarded, and that our helpless citizens are protected. The least we should do in this matter is to return it to the state agency in control for a more complete development of the facts. It may well be that this certificate of need was issued for valid reasons. I would grant rehearing.