BOONE COUNTY, ARKANSAS, d/b/a HILLCREST NURSING HOME, et al. *v.* APEX OF ARKANSAS, INC., et al.

85-279                                              702 S.W.2d 795

Supreme Court of Arkansas
Opinion delivered February 3, 1986

*Robert L. Brown,* for appellant Boone County, Arkansas.

*Steve Clark,* Att'y Gen., by: *George A. Harper,* Special Asst. Att'y Gen., for appellant Arkansas Health Planning and Development Agency.

*Gill, Skokos, Simpson, Buford & Graham, P.A.,* by: *Harold H. Simpson, II.*

DARRELL HICKMAN, Justice. The Pulaski County Circuit Court issued a writ of mandamus ordering the Arkansas Health Planning and Development Agency to issue certificates of need to eight nursing homes. The court erred in issuing this writ because the matter was still in the process of administrative review and appeal and no clear duty existed to issue the certificates until the procedure was over.

The appellants are the state agency AHPDA ordered to issue the certificates and Hillcrest Nursing Home of Harrison. The appellees are eight of sixteen nursing homes awarded the right to have new beds.

In August, 1984, the Statewide Health Coordinating Council lifted a moratorium on nursing home beds and approved the need for 481 new beds in Northwest Arkansas. Forty-five nursing homes applied for the new beds. On February 28, 1985, the appellant state agency approved 16 of the applications, allotting all the new beds. Twenty-nine applications were denied. Hillcrest's request for 33 beds was one of those denied.

Within 30 days, as required by regulation, Hillcrest asked for administrative review of the decision. Hillcrest also timely asked the agency to reconsider its decision, but the reconsideration was denied. Hillcrest took the position that the entire allocation of beds was being contested. The agency agreed because the contest by Hillcrest would necessarily mean that some nursing homes granted new beds would lose them if Hillcrest prevailed. So the agency decided in writing that the decision on the entire allocation was at issue and the issuance of the certificates of need must be delayed pending review.

The agency requested the governor to appoint a state agency to conduct the administrative review on May 31, 1985. The Department of Finance and Administration was appointed on June 21, 1985, and a hearing officer was appointed August 14, 1985.

Pending review, this suit was filed in circuit court on August 9, 1985. The relief sought was mandamus which is a writ to require, in this case, a state agency to perform an act which is an established, clear and specific legal right. *Chandler* v. *Perry-Casa Public Schools*, 286 Ark. 170, 690 S.W.2d 349 (1985). It must be to enforce the performance of a legal right after it has been established and not to establish a right. *Wells* v. *Purcell*, 267 Ark. 456, 592 S.W.2d 100 (1979). There must be no discretion available to the ordered party to perform the act. *Chandler* v. *Perry-Casa Public Schools, supra.*

There is no doubt that the appellant agency is empowered to issue the certificates. The question is when. The regulations provide that any decision by the state agency to issue or deny a certificate of need, upon request, will be reviewed by an independent state agency appointed by the governor. In such a case the decision by the reviewing agency is deemed the final decision.

It is the appellees' assertion that the request for the review in this case only concerned the denial of Hillcrest's beds; the approval of the appellees' beds was not part of that request for review. So, as to the appellees, the argument is made that the order was final.

That raises the question of whether the agency was right in treating this as a review of the decision made regarding all applications and all 481 beds. Hillcrest immediately notified the appellant agency that it considered all applications in issue. The agency agreed. We have stated that although the agency's interpretation of its own rules is persuasive, it is not binding upon the court. The interpretation will be controlling unless plainly erroneous or inconsistent. *Clinton* v. *Rehab Hospital Services Corp.*, 285 Ark. 393, 688 S.W.2d 272 (1985). In a letter from the director of the agency to the attorney for the appellee nursing homes, it was stated:

> Since all beds were allocated, the reversal of a denial would require the reduction or reversal of an approval: i.e., if Mr. Brown [Hillcrest's attorney] succeeds in gaining beds for his client then another applicant or applicants will lose beds. Thus, the appeal of any denial must be regarded as an appeal of *all* approved applications.

The agency based its decision on *Statewide Health Coordinating Council* v. *General Hospitals of Humana, Inc.*, 280 Ark. 443, 660 S.W.2d 906 (1983). In that case we held that AHPDA was without authority to issue certificates of need for the construction of beds which exceed the number established by the state health plan. The agency, correctly in our judgment, decided that if Hillcrest were awarded any beds they had to come from the 481 allotted. So, the nursing homes granted beds were necessarily affected by the review proceedings and could not receive their certificates of need until Hillcrest's complaint was resolved. Since the review was in process when this writ was granted, no clear duty existed for the agency to issue the certificates. The appropriate remedy for the appellees was not to seek mandamus; instead they must await the review process. Mandamus is improper when there is an adequate alternative remedy, which in this case was administrative review.

Reversed and dismissed.

PURTLE, J., not participating.