The Honorable Billy Joe Purdom Representative, District 4 HCR 66, Box 34 Yellville, Arkansas 72687
Dear Representative Purdom:
This official opinion is in response to your request in which you asked the following question:
 Can a duly elected member of the Marion County Quorum Court also serve in the capacity as the third member of the county election commission?
The answer to your question is yes. The third member of a county board of election commissioners is appointed by the State Board of Election Commissioners from a list of five (5) names submitted to the State Board of Election Commissioners by the county committee of the majority party. Ark. Stat. Ann. 3-502(b) (Repl. 1976). Article 3, 10 of the Constitution of the State of Arkansas provides that:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia's service of the State.
However, once a member of the county board of election commissioners becomes a candidate for any office, he would have to resign as a member of the County Board of Election Commissioners. Article 3, 10 of the Constitution of the State of Arkansas provides that"
Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law.
In Faulkner v. Woodard, 203 Ark. 254, 156 S.W.2d 243 (1941) the Arkansas Supreme Court held that a justice of the peace could not fill that office when he had also served as an election commissioner during the election in which he was a candidate. This Office can locate no statute that would exempt justices of the peace from the application of this particular part of Article 3, 10. However, Ark. Stat. Ann. 3-504 (Repl. 1976) provides that:
 * * * No member of a county board of election commissioners shall be a candidate for any office to be filled at any general election while serving on said county board.
Therefore, the aforementioned sections of Arkansas law would appear to provide that a justice of the peace would be qualified to serve as the third member [of] a board of election commissioners until he became a candidate at the next general election. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.