Honorable Bob "Sody" Arnold State Representative 324 Cherry Street Arkadelphia, AR 71923
Dear Representative Arnold:
This official opinion is in response to your request in which you asked the following question:
 "Is an individual who is serving as an elected Director of a City with a City Management form of government prohibited from serving as Chairman of the Democratic Party County Committee and on the County Election Commission?"
The answer to your question is no. Article 3, Section 10 of the Constitution of the State of Arkansas provides:
 "No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or any city of county, or any municipal board, commission or trust in any city, save only the justices of the peace and alderman, notaries public and persons in the militia's service of the State."
Article 3, Section 10 of the Constitution of the State of Arkansas also provides:
 "Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law."
This office can locate no statute that would exempt alderman or city directors from the application of the last sentence of Article 3, Section 10 of the Arkansas Constitution. Faulkner v. Woodard, 203 Ark. 254, 156 S.W.2d 243 (1941). Additionally, Ark. Stat. Ann. 3-504 (Repl. 1976) provides:
 "* * * No member of a county board of election commissioners shall be a candidate for any office to be filled at any general election while serving on such county board."
A Chairman of the County Committee for a majority or minority party is automatically a member of the County Election Commission. Ark. Stat. Ann. 3-502(b) (1976 Repl.). A County Committee also holds certain responsibilities with respect to primary elections. Therefore, it would also appear that there would be a conflict between a candidate in a partisan election serving on the County Committee during a primary election.
As a result, the aforementioned sections of Arkansas Law would appear to provide that a City Director would be qualified to serve on the County Board of Election Commissioners until he became a candidate at the next general election. However, it would also appear that the chairman of a County Committee would have to resign that position should he become a candidate during a primary election.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.