STATE of Arkansas, Child Support Enforcement Unit *v.*
SHERIFF OF LAFAYETTE COUNTY, Bill GRIMMETT

87-26                                                          731 S.W.2d 207

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*Gregory L. Mitchell*, for appellant.

*Brent Haltom*, Deputy Prosecuting Att'y, for appellee.

TOM GLAZE, Justice. Appellant, the State of Arkansas Child Support Enforcement Unit, brings this appeal from a judgment of the Lafayette County Circuit Court, denying its petition for a writ of mandamus and finding the property in question to be a homestead.

Appellant was granted a judgment for child support arrearages owed by Leroy Johnson in the amount of $8,650.00. Johnson was ordered to pay the judgment upon receipt of a workers' compensation settlement. Johnson received the settlement in the amount of $18,850.00, but failed to satisfy the judgment, using the money to build a house.

Appellant obtained several writs of execution for appellee to execute on the real property and house owned by Johnson. When appellee continued to refuse to execute, appellant initiated a writ of mandamus action against appellee, seeking to require him to execute on the property. Appellee responded that the writ should be denied because he claimed the property as a homestead exemption. After a hearing, the trial judge denied the petition, finding appellee was excused from executing on the property because it was Johnson's homestead. We reverse.

First, we consider whether the mandamus should have issued. The standard of review upon denial of a petition for a writ of mandamus is whether the trial court abused its discretion. *Chandler* v. *Perry-Casa Public Schools District No. 2*, 286 Ark.

170, 690 S.W.2d 349 (1985). Mandamus is a discretionary remedy which will be granted only when the petitioner has shown a clear and certain legal right to the relief sought and no other adequate remedy. *Jackson* v. *Munson*, 288 Ark. 57, 701 S.W.2d 378 (1986). Mandamus must be to enforce the performance of a legal right after it has been established and not to establish a right; there must be no discretion available to the ordered party to perform the act. *Boone County* v. *Apex of Arkansas, Inc.*, 288 Ark. 152, 702 S.W.2d 795 (1986).

There was no dispute below that appellant had a valid judgment against Johnson. Instead, appellee merely contended that he did not execute on the property because he believed to do so would have violated Johnson's homestead. On appeal, appellee argues appellant was not entitled to a writ of mandamus because it had another adequate remedy, i.e., to go to chancery court for a determination of the homestead issue. We disagree.

The facts of this case are quite similar to those in *Ghent* v. *State Use School Districts*, 189 Ark. 747, 75 S.W.2d 67 (1934). In *Ghent*, the sheriff repeatedly refused to execute on a judgment the school districts had obtained against the county treasurer and his bondsman. He contended that a legislative act relieved the treasurer and bondsman from liability under the judgment. The school districts obtained a writ of mandamus. This court affirmed, holding that when a public officer is called upon to do a plain and specific public duty, which is required by law and which requires no exercise of discretion or official judgment, a writ of mandamus is an appropriate remedy to compel the performance of the duty when it is neglected or refused. The court pointed out that the sheriff's suggested alternate remedies were not adequate, stating that "an adequate remedy, as contemplated by the law, must be one which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party[,] to whom the duty is owed[,] unharmed by its performance." 189 Ark. at 750, 75 S.W.2d at 69. As the *Ghent* court further noted: "It was not the business of the sheriff to consider the effect of . . . [the legislative act], but to levy the execution, and then, if the judgment debtor was aggrieved, his remedy was ample to protect his interests without the aid of the sheriff." *Id.*

The *Ghent* case controls here. Pursuant to Ark. Stat. Ann. § 30-1001 (Repl. 1979), appellee was under a duty to execute on Johnson's property and he had no discretion in the matter. Appellant had no other adequate remedy that was as "plain and complete and as practical and efficient to the ends of justice and its proper administration as the remedy invoked." *Ghent*, 189 Ark. at 750, 75 S.W.2d at 68. Furthermore, Johnson, as the debtor, possessed the right to claim his homestead exemption either before or after the sale of the homestead on execution. *See* Ark. Stat. Ann. § 30-210 (Repl. 1979); *see also Arkansas Savings & Loan Association* v. *Hayes*, 276 Ark. 582, 637 S.W.2d 592 (1982).

Appellant also raises two other issues, *viz.*, that the trial court erroneously allowed the appellee to put Johnson's homestead exemption in issue and incorrectly determined that such an exemption exists. It is settled law that a judgment debtor's right to the exemption is a personal right, which must be exercised by the party who seeks its benefits. *Arkansas Savings & Loan Association* v. *Hayes, supra*, and *Jones* v. *Thompson*, 204 Ark. 1085, 166 S.W.2d 1036 (1942). However, we need not reach the merits here on whether Johnson has a homestead claim since the relevant, dispositive question in this appeal is whether a mandamus writ must issue to compel the appellee to levy execution against Johnson's property. In answering that question affirmatively, our inquiry ends.

Reversed.