Ms. Debra Norton, Director State Board of Cosmetology 1515 W. 7th St. — Room 400 Little Rock, AR 72201-3988
Dear Ms. Norton:
This is in response to your request for an opinion concerning the interpretation of the Arkansas Board of Cosmetology Rules and Regulations. Specifically, you describe a situation in which an individual operates a beauty salon in conjunction with the retail sale of professional beauty products. Seven hundred sixty one feet of the floor space in the establishment is devoted to retail sales, while three hundred and ninety square feet is devoted to the practice of cosmetology. The proprietor of the establishment has applied to the Board for a cosmetology establishment license. The Board has thus far refused to grant the license, believing that the dual nature of the establishment violates Rule and Regulation 71-851, 13 which provides in pertinent part:
 No Beauty Salon, Wig Salon, Electrology Salon or Manicure Salon will be approved on any premise, or in any building or part of a building unless a physical barrier is established, separating said Beauty Salon, Wig Salon, Electrology Salon, or Manicure Salon from all other businesses, occupations or establishments conducted on the same premise, or in the same building or parts thereof.
There is currently no wall separating the retail area of the establishment from the service area, and it is on this basis that the board has refused licensure.
The definition of a "Beauty Salon" must be considered to determine what type of establishments are "Beauty Salons", and what type are "other businesses". "Beauty Salon" is defined in Regulation 71-848(a) as "[a]ny place or building or structure in connection therein, used, maintained or advertised to the public where any person practices the occupation of Beauty Culture." This definition, when read literally, could encompass any type of establishment at all, as long as it is advertised to, maintained, and used for public patrons, and as long as any one person therein practices cosmetology.
Although it is my opinion that the definition of "Beauty Salon" under the regulation above could lend itself to more than one interpretation, and thus affect the outcome of its construction in conjunction with Regulation 71-851, 13, it must be recognized that a board's interpretation of its own rules and regulations, although not binding on a court, will be controlling unless plainly erroneous or inconsistent. Boone County v. Apex of Arkansas Inc., 288 Ark. 152, 702 S.W.2d 795 (1986).
In this instance, the Board has interpreted its regulations as requiring the construction of a wall before a cosmetology establishment license may be issued. I cannot conclude that the Board's interpretation is "plainly erroneous". Boone County, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.