Joan Baldridge, Director Department of Arkansas Heritage The Heritage Center Suite 200 25 East Markham Little Rock, AR 72201
Dear Ms. Baldridge:
This is in response to your request for an opinion regarding a Conflict of Interest policy of the Arkansas Arts Council, an agency of the Department of Arkansas Heritage. The pertinent policy provision states that "[a] council member may not vote on a grant award or funding decision for any organization, group or individual from which that council member receives a salary or other monetary compensation."
Your questions in this regard pertain to a University of Arkansas professor who works in the English department. You have asked for an opinion 1) defining the extent of the conflict of interest for this individual (this question involves the contention that the conflict of interest in this instance should be confined to the English department and should not include the Fayetteville campus or the university system as a whole), and 2) providing a wider interpretation concerning any Council member who is employed by or receives monetary compensation from a sub-entity of a larger organization.
These questions essentially involve an interpretation of the Arts Council's by-laws, in the absence of controlling state law. It should be noted in this regard that an agency's interpretation of its own rules and regulations, while not binding upon the court, is highly persuasive and will be controlling unless plainly erroneous or inconsistent with the enabling legislation. Boone County v. Apex of Arkansas, Inc., 288 Ark. 152, 702 S.W.2d 795
(1985); General Telephone Co. of the Southwest v. Arkansas Public Service Com'n, 23 Ark. App. 73, 744 S.W.2d 392, aff'd 295 Ark. 595,751 S.W.2d 1 (1988). Here, however, we have not been provided with the council's interpretation of the relevant provisions.
Thus, it is my opinion that a reasonable construction of the above-referenced conflict of interest provision (see Chapter VIII. of By-Laws) would extend the conflict to the larger organization, so long as that is the source of the individual's salary or compensation. The language does not on its face appear to demand limiting the conflict to a sub-entity of the organization. In this particular instance, refraining from voting may be necessary if the professor is paid by the university system. This is, of course, a factual question.
It should be noted, however, that this office can only suggest what a reasonably interpretation might be, based upon the plain language of the by-laws. If questions remain in this regard, clarifying language may be indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.