Bud SAUNDERS, for Himself and Similarly Situated
Taxpayers of Washington County, Arkansas, *Appellants* and
*Cross-Appellees* and Tom Brown, for Himself, *Cross-Appellee*
*v.* Steven NEUSE, Jerome J. Paddock, Jr., and Job Serebrov
[both individually and jointly as comprising the Washington
County Board of Election Commissioners]; Washington
County Judge Charles Johnson, Washington County Treasurer
Joan Perry, *Appellees* and *Cross-Appellants*
and
Washington County, the State Board of Election Commission-
ers, and Washington County Prosecuting Attorney Terry Jones,
*Appellees*

94-1434                                          898 S.W.2d 43

Supreme Court of Arkansas
Opinion delivered May 22, 1995

*Donald C. Donner*, for appellants and cross-appellees.

*George E. Butler*, Washington County City Att'y, for appellees and cross-appellants.

*Winston Bryant*, Att'y Gen., by: *Patricia Van Ausdall*, Asst. Att'y Gen., for appellees.

ROBERT H. DUDLEY, Justice. Budd Saunders filed this suit seeking a declaratory judgment that defendants Steven Neuse and Jerome J. Paddock, Jr. were ineligible to serve on the Washington County Board of Election Commissioners. The gravamen of count one of the complaint was that article 3, section 10 of the Constitution of Arkansas provides that no election officer shall hold any office or employment in state or city government and that Neuse was a professor at the University of Arkansas and Paddock was the City Attorney for the City of West Fork.

In the second count of his complaint Saunders asked that, after Neuse and Paddock were declared ineligible to serve on the Board, the circuit court remove them from office, rule that any compensation paid to them constituted an illegal exaction, and issue a writ of mandamus compelling the Washington County Judge, Charles Johnson, and the Prosecuting Attorney, Terry Jones, to institute an action for the recovery of all compensation paid to Neuse and Paddock for their service on the Board.

Both Neuse and Paddock resigned from the Board before judgment was rendered. The circuit judge entered judgment declaring that Neuse and Paddock were prohibited by article 3, section 10 from serving on the Board. The circuit judge did not address the moot issue of removal, but ruled that the compensation paid to Neuse and Paddock constituted an illegal exaction and that there were no affirmative defenses to an illegal exaction. The trial court refused to issue the writs of mandamus commanding the county judge and prosecuting attorney to file suit to collect the compensation paid.

Saunders appeals from that part of the order refusing to issue the writs of mandamus. Neuse, the county judge, the county treasurer, and Paddock, the third member of the Board, cross-appeal from that part of the ruling providing there are no affirmative defenses to an action for an illegal exaction. We affirm on direct appeal, and dismiss the cross-appeal.

The proceedings in this case are enigmatic. In the first proceeding the circuit court dismissed a taxpayer's petition for a writ of mandamus. The taxpayer appealed. We affirmed because of a flagrantly deficient abstract. *Edwards* v. *Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993). A second suit was filed, but the taxpayer failed to name the appropriate parties, failed to fully develop the issues, and obtained a ruling on only one of the multiple issues. We affirmed. *Morgan* v. *Neuse*, 314 Ark. 4, 857 S.W.2d 826 (1993). This was the third time a taxpayer's suit involving this same issue was filed. In this suit the taxpayer did not ask that Neuse and Paddock be required to reimburse Washington County for an illegal exaction. Rather, the taxpayer sought writs of mandamus that would compel the county judge and the prosecuting attorney to file the illegal exaction suits against Neuse and Paddock. It is from the denial of those writs that the taxpayer files his direct appeal.

In order to prevent any confusion, we note that the taxpayer could have filed the illegal exaction suit directly against Neuse and Paddock. *See* Ark. Const. art. 16, § 13. It was not necessary to seek the writs of mandamus commanding the county judge and prosecuting attorney to file the suit. In *Samples* v. *Grady*, 207 Ark. 724, 182 S.W.2d 875 (1944), we held that the refusal of the prosecuting attorney to bring a suit on behalf of the tax-

payers was not a condition precedent to the exercise of that right by a citizen. We wrote that Ark. Const. art. 16, § 13 is self-executing and imposes no terms or conditions upon the right of the citizen to file suit to prevent an illegal exaction.

*I.*

### *The Direct Appeal*

In his points of appeal, the taxpayer argues that the trial court erred in refusing to issue the writs of mandamus commanding the county judge and prosecuting attorney to file suit against Neuse and Paddock. Mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law, and which requires no exercise of discretion or official judgment. *State* v. *Grimmett*, 292 Ark. 523, 525, 731 S.W.2d 207, 208 (1987). However, a writ of mandamus is a discretionary remedy which will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy. *Id.* at 525, 731 S.W.2d at 208. The writ of mandamus will not lie to control or review matters of discretion; it will lie only to compel the exercise of that discretion. *Thompson* v. *Erwin*, 310 Ark. 522, 838 S.W.2d 353 (1992) (citing *Eason* v. *Erwin*, 300 Ark. 384, 781 S.W.2d 21 (1989)).

In the case at bar the trial court ruled that mandamus would not lie. We affirm the ruling because both the county judge and the prosecuting attorney have discretion in the filing of a lawsuit such as the one at issue. They must exercise discretion in deciding whether an attempt to recover the funds would be prudent—whether the cost of such a suit might exceed the amount of the recovery. The county judge and prosecuting attorney are required to weigh cases such as *Martindale* v. *Honey*, 261 Ark. 708, 551 S.W.2d 202 (1977), where we held that a county was not entitled to a windfall and that a dual office holder was not required to account for compensation, when the dual officeholder performed the duties of the other office in good faith. Similarly, they must weigh the application of a case where we held that amounts unlawfully appropriated, but well spent, were not recoverable in a taxpayer's suit for the return of compensation unlawfully paid to a road commissioner. *Ward* v. *Farrell*, 221 Ark. 363, 253 S.W.2d 353 (1952). They would also be required to weigh

the application of a statute of limitations, for we have applied a statute of limitations to claims of illegal exaction. *Baker* v. *Allen*, 204 Ark. 818, 164 S.W.2d 1004 (1942). In summary, the county judge and the prosecuting attorney have discretion to determine whether it is prudent to file the suit, and, accordingly, we affirm the denial of the writs of mandamus.

## *II.*

### *The Cross-Appeal*

■■ The trial judge additionally ruled that affirmative defenses are not available in illegal exaction suits, and this ruling is assigned as error on cross-appeal. We do not reach the assignment because, even though this is the third appeal of this case, no one has yet sought to recover the compensation illegally paid to Neuse or Paddock, and, consequently, they have not pleaded any affirmative defenses to such a claim. Therefore, any ruling about affirmative defenses would be advisory. It is well settled that we do not issue advisory opinions. *Walker* v. *McCuen*, 318 Ark. 508, 886 S.W.2d 577 (1994). However, because of the unconventional proceedings to date, because Neuse and Paddock were made parties to this proceeding but no relief was asked from them, and because the trial judge ruled that no affirmative defenses are available, we understand cross-appellants' dilemma. They may wish to plead an affirmative defense if this action is pursued in the future, and they do not want to be bound by law of the case. To prevent a possible injustice, we hold that the trial judge's ruling on affirmative defenses by Neuse and Paddock was advisory only, and because we do not reach the issue, is not binding upon the parties if this action is pursued further. Accordingly, we dismiss the cross-appeal.