Jimmie L. WILSON, Appellant/Petitioner *v.* James A. NEAL, Appellee; John Plegge, Respondent No. I; Wanda W. McIntosh, Respondent No. II

96-1524 947 S.W.2d 338

Supreme Court of Arkansas
Opinion delivered June 16, 1997

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

No response.

PER CURIAM. This petition for writ of mandamus is the outgrowth of our direction to the trial court to settle the record in this appeal. Petitioner Jimmie L. Wilson moves the court for the

writ to direct the trial court to include the record in a U.S. District Court cause, *Wilson v. Neal*, H-C-95-54, as part of the record in this appeal. Petitioner Wilson claims that without the federal record his record on appeal is inadequate. Petitioner Wilson further challenges the failure of the trial court to include in the record the proceedings before Hon. Lance Hanshaw, Special Circuit Judge; Hon. John Lineberger, Special Circuit Judge; and Hon. Olly Neal, former Circuit Judge.

Respondent Neal answers that he has no objection to supplementing the record in this matter with the Hon. Lance Hanshaw trial (*Neal v. Wilson*, No. SC-93-691), which is on file with the Arkansas Supreme Court. Respondent Neal also tenders the transcript of proceedings before the Hon. Olly Neal on May 17, 1995, as a potential supplement to the record in the appeal at hand. He further observes that there is no record of proceedings before Hon. John Lineberger. Respondent Neal adds that Petitioner Wilson made no request for an extension of time for the preparation of the transcripts for these three proceedings and, indeed, had stated in the notice of appeal for each proceeding that a transcript was being prepared.

The petition for writ of mandamus is denied. This extraordinary writ does not lie for matters that involve the discretion of the trial court. *Saunders v. Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995). Here, it is clear that the trial court determined that the federal district court record was not relevant to its decision concerning settlement of the record because it was extraneous to the proceeding before it and to its decision. The trial court did note that supplementing the record with other proceedings was a matter to be decided by the appellate court. We agree.

Writ denied.

NEWBERN, GLAZE, and CORBIN, JJ., not participating.