Harold ("Butch") SARGENT *v.* H. G. FOSTER, Prosecuting Attorney

97-810                                                966 S.W.2d 263

Supreme Court of Arkansas
Opinion delivered April 16, 1998

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Timothy Gauger*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Harold ("Butch") Sargent, a citizen of Van Buren County, appeals the dismissal of his writ of mandamus to compel H. G. Foster, the Prosecuting Attorney, to oust Van Buren County Sheriff Mike Bridges from office. Mr. Sargent alleged that Sheriff Bridges, a candidate for reelection, violated the election laws when he transported election ballots from the printer, in Clinton, to the Sheriff of Election for Union Precinct, Shirley, Arkansas. As a result, Mr. Sargent urges that the Prosecuting Attorney had a nondiscretionary duty to oust Sheriff Bridges from office. We find no merit in Mr. Sargent's arguments, and affirm.

In his petition for writ of mandamus, Mr. Sargent alleged that on November 5, 1996, Sheriff Mike Bridges, a candidate for

reëlection in a contested race for county sheriff, picked up voting ballots for the general election from the printer and, about forty minutes later, delivered the ballots to Glen Williams, Sheriff of Election at Shirley City Hall. Mr. Sargent further alleged that on November 11, 1996, he filed a complaint with the Prosecuting Attorney's Office and that Deputy Prosecutor Stephen James told Mr. Sargent that he had heard about the incident and was not going to pursue the matter. Mr. Sargent also alleged that the Prosecuting Attorney's Office did not take any action in the matter when he filed a second complaint regarding Sheriff Bridges's conduct.

Mr. Sargent attached two affidavits to his petition: one from Glen Williams, and one from Maurice Bonds Whillock, County and Circuit Clerk and Ex-Officio Recorder. In his affidavit, Mr. Whillock stated that he received a telephone call from Glen Williams, who was working at the Union Precinct in Shirley, informing him that the precinct was running out or had run out of ballots. Mr. Whillock further stated that he then attempted to call each of the Van Buren County Election Commissioners to notify them of the problem, but that they were all unavailable. Mr. Whillock stated that he called the Van Buren County Sheriff's Office to ask a deputy to pick up ballots at the print shop and deliver them to Shirley. Mr. Whillock stated that while he was on the telephone with the County Sheriff's dispatcher, Sheriff Bridges walked into his office and that he asked Bridges to pick up and deliver the ballots. In his affidavit, Mr. Williams affirmed his telephone call to Mr. Whillock, and stated that Sheriff Bridges personally delivered ballots into his hands. Following a hearing on Mr. Sargent's allegations, the trial court dismissed the petition for writ of mandamus pursuant to Ark. R. Civ. P. 12(b)(6).

Mr. Sargent claims that Sheriff Bridges violated Ark. Code Ann. § 7-5-211 (Repl. 1993) of the election laws. That section provides that the county board of election commissioners shall deliver ballots and other election supplies to the sheriff. However, section 7-5-211(b) states the following exception:

(b)    If the sheriff is a candidate for reelection in a contested race, it shall be the duty of the county board of election commissioners to appoint some suitable person or persons in each precinct to perform the duties of the sheriff. The sheriff and his deputies are disqualified to discharge those duties in such case.

Mr. Sargent contends that Sheriff Bridges violated the elections laws when, as a candidate for reëlection, he transported ballots from the printer to Union Precinct. Mr. Sargent further contends that this violation imposed a nondiscretionary duty on the Prosecuting Attorney to bring a usurpation action against Sheriff Bridges under Ark. Code Ann. § 16-118-105 (1987). Section 16-118-105 provides:

(b)(2)    A person who continues to exercise an office after having committed an act, or omitted to do an act, of which the commission or omission, *by law*, created a forfeiture of his office, shall be subject to be proceeded against for a usurpation thereof. (Emphasis added.)

(b)(3)(A)    It shall be the duty of the prosecuting attorney to institute the actions mentioned in this section against all persons who usurp county offices or franchises where there is no other person entitled thereto or the person entitled fails to institute the action for three (3) months after the usurpation.

To determine whether the Prosecuting Attorney has a duty to prosecute, we must first consider whether Mr. Sargent has pleaded facts showing that a usurpation action may lie against Sheriff Bridges. Whether the prosecutor's duty is discretionary or nondiscretionary does not become an issue until we determine that the pleaded facts show a usurpation action is appropriate.

The case Mr. Sargent cites in support of his position is not applicable to the facts of this case. *See Faulkner v. Woodward*, 203 Ark. 254, 156 S.W.2d 243 (1941). In *Faulkner*, the appellant filed suit against the appellee for usurpation of office and requested a judgment of ouster. We agreed with the appellant's contention that the appellee was not eligible to fill the office of justice of the peace when he acted as a judge of the election in violation of Article 3, section 10 of the Arkansas Constitution. Article 3, section 10, the law in *Faulkner* that created the forfeiture, reads as

follows: "Nor shall any election officer be eligible to any civil office to be filled at election at which he shall serve — save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law."

*Faulkner* is distinguishable from the case before us. In that case, the law that the appellee violated dealt only with an office seeker's *eligibility* to hold public office. We said that because appellee's election was void, the appellant had the legal right to sue the appellant as a usurper. *Faulkner*, 203 Ark. at 257-58, 156 S.W.2d at 245 (quoting Pope's Digest § 14326; C. & M.'s Digest § 10326).

■ In the case before us, Ark. Code Ann. §§ 7-1-103(28) to -103(29) (misdemeanor offenses) and 7-1-104 (felony offenses) (Repl. 1993) govern punishment for violating the election laws. Without determining which section applies to the offense alleged here, we conclude that Mr. Sargent has not pleaded sufficient facts to show a usurpation action may lie. Both of these sections require a conviction. In his pleadings, Mr. Sargent did not claim that Sheriff Bridges was convicted of a misdemeanor offense under the elections laws. Because he has not alleged facts that, by law, created a forfeiture of office, we do not reach the issue of whether the Prosecuting Attorney has a nondiscretionary duty to bring a usurpation action.

■ ■ Mr. Sargent petitioned the trial court to compel the Prosecuting Attorney to remove Sheriff Bridges from office. Mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *Saunders v. Neuse*, 320 Ark. 547, 550, 898 S.W.2d 43, 45 (1995). However, a writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy. *Id.* In this case, a conviction is necessary before a public-office holder can be ousted. Because Mr. Sargent has not pleaded sufficient facts to show that he has a clear and certain legal right to relief, the trial court did not err in denying his petition.

Affirmed.