The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, AR 72018-0137
Dear Representative Kidd:
You have requested an Attorney General opinion concerning the bidding process of the State Highway and Transportation Department (AHTD).
You indicate that one of your constituents submitted a $500.00 bid deposit to AHTD, as required by AHTD's bid invitation form. The constituent submitted this deposit in the form of a personal check. AHTD returned the check, stating that a personal check was not an appropriate form of payment of a bid deposit. The conditions stated on the bid invitation form explicitly stated that personal checks would not be acceptable for payment of bond deposits, but did not explicitly address the form of payment for bid deposits. The constituent lost the opportunity to bid on the contract with AHTD.
You have submitted the bid invitation form for me to review and have presented the following questions:
 (1) Is the limitation on types of payments to be applied only performance bonds, or does it also apply to bid deposits even though they are not mentioned?
 (2) What recourse does a bidder have if his bid deposit is wrongly rejected?
RESPONSE
Question 1 — Is the limitation on types of payments to be applied onlyperformance bonds, or does it also apply to bid deposits even though theyare not mentioned?
I cannot opine definitively in response to this question. The interpretation of specific contractual and other documentary provisions is a function that is outside the scope of the Attorney General's authority. Such an interpretation, in order to be thorough, fair, and accurate, would require the review of all the relevant evidence. Only a court can conduct such a review.
I must note that in conducting a review of this nature, the courts will give great deference to an administrative agency's interpretation of its own rules. That interpretation will not be overturned unless it is irreconcilably contrary to the plain meaning of the rule itself and is clearly wrong. Cyphers V. United Parcel Service, 68 Ark. App. 62,3 S.W.3d 698 (1999); Boone County v. Apex of Arkansas, Inc., 288 Ark. 152,702 S.W.2d 795 (1985). Thus, if a court were presented with the question you have raised, it would give deference to AHTD's interpretation of the bid invitation conditions. This may be a situation in which the court would find that AHTD's interpretation was irreconcilably contrary to the language of the bid invitation conditions. Your constituent will have the burden of proving that allegation.
Question 2 — What recourse does a bidder have if his bid depositis wrongly rejected?
It is my opinion that a bidder who is aggrieved by the manner in which AHTD has handled the bidding procedure may petition the courts or the State Claims Commission for relief. Various forms of relief may be available, including mandamus, prohibition, or damages. The aggrieved bidder should consult private counsel for advice as to which form of relief would be most appropriate for him to pursue given the particular facts of his case.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh