The Honorable Joyce Elliot State Representative 7808 Lassie Lane Little Rock, AR 72204-8314
Dear Representative Elliot:
I am writing in response to your request for an opinion on the following matter:
 Is it permissible for a person that is employed by the State, specifically for a State College or University, to also serve on a County Election Commission?
RESPONSE
In my opinion, Article 3, § 10 of the Arkansas Constitution precludes such service.
Article 3, § 10 of the Arkansas Constitution states:
 No person shall be qualified to serve as an election officer, who shall hold, at the time of the election, any office, appointment, or employment in or under the Government of the United States, or of this State, or in any city or county or any municipal board, commission, or trust in any city save only the justices of the peace, and aldermen, notaries public, and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve — save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law.
Id. While the Arkansas Constitution does not contain a definition of "election officer," the General Assembly has set out a definition in A.C.A. § 7-1-101(9) (Supp. 2005) that defines an election officer as including "a person who is a member of the county board of election commissioners[.]" Although the General Assembly did not adopt this specific definition for the purposes of Article 3, § 10, I have previously opined that this definition can be referenced in analyzing the constitutional language. See Op. Att'y Gen. 2004-342. As I stated in Op. Att'y General 2004-342, "[w]hile not determinative, the Arkansas Supreme Court has stated that a legislative interpretation of a constitutional provision is persuasive and entitled to consideration." Id. (citations omitted).
In my opinion, therefore, a member of the county board of election commissioners is an "election officer" for the purposes of Article 3, §10 of the Arkansas Constitution. Under this constitutional provision, any person who holds "any employment in or under the Government . . . of this State" at the time of the election is not qualified to serve as an election officer.
As you suggest in your request for an opinion, employment by a "State College or University" is employment by the state. See Muse v. PrescottSchool District, 233 Ark. 789, 349 S.W.2d 329 (1961) (distinguishing public school teachers as employees of the school district from instructors at state supported colleges who are state employees). Article 3, § 10 clearly prevents any person who is employed by the State from serving as an election official, including membership on the county board of election commissioners, "at the time of the election." Id.
The answer to your question, therefore, is "no" in my opinion. Cf.Sanders v. Neuse, 320 Ark. 547, 898 S.W.2d 43 (1995) (upholding the trial court's denial of a petition for a writ of mandamus brought to force local officials to file an illegal exaction suit to recover the compensation paid to a university professor appointed to the county board of election commissioners after the trial court found the professor ineligible under Art. 3, § 10 and the professor resigned before judgment was entered).
One final point should be mentioned, however. The constitutional prohibition renders state employees unqualified to serve as "election officers" only to the extent that they are employed by the state "at the time of the election[.]" Ark. Const. Art. 3, § 10. While it is conceivable that a state employee could be appointed to the county election commission and, the day before an election, resign from either state employment or from the election commission, this does not appear to be a practical solution to your question. Additionally, I note that you enclosed a copy of an opinion from the County Attorney of Pulaski County on the same issue. The county attorney reached the same conclusion that I have reached and commented with respect to a state employee resigning as described above that "[s]uch a method seems a most ineffective way of dealing with the situation because it would create unnecessary vacancies and turnover precisely when the commission is dealing with its most critical issues and the demands of the office are at their peak." I agree with this assessment.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh