SLIP OPINION

Cite as 2016 Ark. 257

# SUPREME COURT OF ARKANSAS

**No.** CV-15-816

| | |
|---|---|
| JESSIE HILL <br> APPELLANT <br><br> V. <br><br> RICHARD H. GALLAGHER, <br> CUSTODIAN OF RECORDS <br> APPELLEE | **Opinion Delivered:** June 9, 2016 <br><br> MOTION FOR RECONSIDERATION <br> [CV-2013-89-5] <br><br><br> <u>MOTION TREATED AS PETITION <br> FOR WRIT OF MANDAMUS <br> AND GRANTED</u> |

## PER CURIAM

Appellant Jessie Hill has filed a motion for reconsideration and brief in support from this court's recent decision in *Hill v. Gallagher*, 2016 Ark. 198. For his motion, Hill requests that this court enter an order directing the Arkansas State Crime Laboratory to provide him with records related to his criminal cases, *State v. Hill*, CR–95–38 and *State v. Hill*, CR–95–156. We treat his motion for reconsideration as a petition for writ of mandamus and grant the petition.

Mandamus is a discretionary remedy that will be granted only when the petitioner has shown a clear and certain legal right to the relief sought and no other adequate remedy. *Jackson v. Munson*, 288 Ark. 57, 701 S.W.2d 378 (1986). Mandamus must be to enforce the performance of a legal right after it has been established and not to establish a right; there must be no discretion available to the party ordered to perform the act. *Boone Cty. v. Apex of Ark., Inc.,* 288 Ark. 152, 702 S.W.2d 795 (1986). When a public officer is called upon to do a plain and specific public duty, which is required by law and which requires no

exercise of discretion or official judgment, a writ of mandamus is an appropriate remedy to compel the performance of the duty when it is neglected or refused. *State v. Sheriff of Lafayette Cty.*, 292 Ark. 523, 731 S.W.2d 207 (1987).

In this case, Hill has filed multiple requests pursuant to the Freedom of Information Act (FOIA) with the State Crime Laboratory seeking copies of all evidence kept, obtained, or retained by the laboratory related to his criminal cases. Specifically, he seeks all evidence related to lab case #95-00993 and lab case #95-00769. As we noted in *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694, the language of the FOIA statute mandates that "[t]he laboratory *shall disclose* to a defendant or his or her attorney all evidence in the defendant's case that is kept, obtained, or retained by the laboratory." Ark. Code Ann. § 12–12–312(a)(1)(B)(ii) (emphasis added). Thus, the State Crime Laboratory is given no discretion to refuse a defendant's request for evidence related to the defendant's own case.

Despite the clear, nondiscretionary language of the statute, the State Crime Lab has denied Hill access to his records for over six years. Moreover, following our unequivocal statement in *Davis* two years ago, the State Crime Lab has still refused to release Hill's records to him. Because the State Crime Laboratory has indicated that it will not perform its duty to provide Hill with the records he seeks from his own cases, we grant Hill's request and issue a writ of mandamus to the State Crime Laboratory to provide Hill with the evidence he seeks forthwith.

Petition granted.